374 A.2d 1285
**COMMONWEALTH of Pennsylvania**
**v.**
**George GRAY, Appellant.**

Supreme Court of Pennsylvania.

Argued Jan. 11, 1977.

Decided July 8, 1977.

426

Morton Krase, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Gaele Barthold, Philadelphia, for appellee.

Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

Appellant, George Gray, was tried by a judge and jury and convicted of voluntary manslaughter. Post-verdict motions were denied, and appellant was sentenced to a prison term of five to ten years. This appeal followed.

The facts of the crime are as follows. On May 26, 1974, two Philadelphia policemen were approached by Herbert Gibbs, who expressed concern for Patricia Courley, the victim. Gibbs told the officers he had not seen the victim for a few days. Gibbs and the officers went to the victim's residence in South Philadelphia, but they found the door locked. Gibbs and one officer left to find a pass key while the other officer stayed at Ms. Courley's door. He was approached by appellant, who asked if anything was wrong. Appellant started crying and walked away.

When the officers obtained a pass key, they entered the building and discovered the victim's partially decomposed body lying face down on the sofa. During their investigation, police discovered that appellant had been dating the victim. Further, a witness saw appellant fighting with the victim outside her house at 1:00 a. m. on May 24, two days earlier. The victim's nextdoor neighbor told police that she heard the victim and a man fighting at 1:30 a. m. on May 24. With this information, police arrested appellant.

■ Appellant first alleges that the indictment in the instant case contained a fatal defect. He believes this defect entitles him to a new trial. We do not agree.

The indictment in the instant case charged appellant with killing Ms. Courley "on or about May 26, 1974." At trial, the medical examiner testifed that the victim had been dead from one to four days when he examined the body at 1:00 p. m. on May 26. Appellant argues that

he believed the offense was committed on May 26 and prepared his defense on this basis. We believe, however, that appellant's argument is unpersuasive.

Rule 213(a) of the Pennsylvania Rules of Criminal Procedure provides:

"An indictment shall be signed by the attorney for the Commonwealth and shall be valid and sufficient in law if it contains:

\*  \*  \*  \*  \*  \*  \*  \*

"(3) the date when the offense is alleged to have been committed if the precise date is known, and the day of the week if it is an essential element of the offense charged, provided that *if the precise date is not known* or if the offense is a continuing one, *an allegation that it was committed on or about any date within the period fixed by the statute of limitations shall be sufficient;*" (Emphasis added).

The Rules make clear that the precise date of an offense need not be known in all cases.

At the preliminary hearing, appellant was put on notice that the Commonwealth had no intention of trying to prove the offense was committed on May 26. The Commonwealth's proof consisted of appellant's statement that he slept in the apartment after returning with the victim, and on the morning of May 24, he found the victim dead on the sofa. From all of this, appellant and his attorney should have known that the Commonwealth would attempt to prove the killing occurred in the early morning of May 24. While the Commonwealth should have amended the indictment, we find no prejudice to appellant.

■ Appellant next claims that the court erred in its charge to the jury. In the middle of his charge on statements by an accused, the court stated:

"The basic test has been stated thusly: Is the confession proferred an essentially free and unconstrained

choice by the maker? If it is, if he has willed to confess, it may be used against him. If it is not, if his will has been overborne and his capacity for self-determination critically impaired, the use of his confession offends due process. The line of distinction is that the governing self-direction is lost and compulsion of whatever nature or however induced propels or helps to propel the confession."

Appellant argues that two statements introduced were not admissions of guilt and thus, not confessions and the use of the latter term implied an admission of guilt.

In *Commonwealth v. Brown*, 467 Pa. 512, 359 A.2d 393 (1976), we held that a charge must be viewed as a whole in determining if a defendant has been prejudiced. Applying this standard, we find no error. The charge concerning the statements covers four pages of the notes of testimony. The complained of portion was in the middle of the charge and was preceded and followed by the use of the word "statement" over twenty times. Reading the entire charge in context, we find no merit to appellant's contention.

Appellant finally claims that he was denied effective assistance of counsel when trial counsel failed to object to the introduction of the above two statements. The facts surrounding the statements are as follows.

Appellant was arrested at 5:30 p. m. on May 26, and he arrived at the Police Administration Building at 6:00 p. m. Appellant was first given his *Miranda* warnings, which he waived at 6:50 p. m., by Detective Hopwood. During forty-five minutes of questioning, appellant denied any knowledge of the facts or circumstances of the homicide. Appellant was left alone from 7:35 p. m. to 9:05 p. m., when Detective Carty began to interrogate him. No *Miranda* warnings were given, because the officer relied on the warnings given at 6:50 p. m. During this interview, appellant admitted being with the victim in her house, but denied any knowledge of the homicide.

After this interview was concluded at 10:00 p. m., appellant was left alone. Later in the early morning, appellant gave two more statements, which the court below suppressed.

Appellant claims that trial counsel was ineffective for failing to object to the introduction of the 6:50 and 9:05 statements.[1] We do not agree.

In *Com. ex rel. Washington v. Maroney*, 427 Pa. 599, 604–05, 235 A.2d 349, 352–53 (1967), this court enunciated the standard for effectiveness of counsel:

". . . inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis."

(Emphasis in original.)

This court, in applying the *Washington* standard, has also held that counsel's decision not to file fruitless motions or make fruitless objections was reasonable under the circumstances. *Commonwealth v. Robinson*, 452 Pa. 316, 305 A.2d 354 (1973).

Appellant claims that the first statement should have been suppressed because *Miranda* warnings were never given, and the officers refused his request to speak to a lawyer. In his findings of fact, however, the suppression court found that the warnings were given. The court stated:

"Having analyzed and appraised the deportment, demeanor, testimonial contradictions, testimonial eva-

1. As appellate counsel is different from trial counsel, he is required to raise trial counsel's ineffectiveness on this direct appeal. *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975).

siveness, bias, and interest of the defendant as a witness, the suppression court determines that his credibility rating is low or relatively non-existent. As a matter of fact, the suppression court concludes that the defendant did not request the presence of Alexander Hemphill, Esquire, his court-appointed attorney in the pending homicide proceeding involving his wife's murder, at the commencement of his interrogation and at times thereafter. . . ." (Opinion of Suppression Court, page 16).[2]

■ The police testified that *Miranda* warnings were given and appellant never requested an attorney. We are bound by findings of a suppression court if those findings are supported by the record. *Commonwealth v. Boone*, 467 Pa. 168, 354 A.2d 898 (1976). As the 6:50 statement was admissible, counsel was not ineffective in failing to object to its introduction.

■ Appellant's claim regarding the 9:05 statement is based on the lack of *Miranda* warnings immediately preceding the interview. We have held that *Miranda* warnings need not be given prior to each interview; rather, we must check the totality of the circumstances to see if rewarnings are necessary. *Commonwealth v. Ferguson*, 444 Pa. 478, 282 A.2d 378 (1971).

■ In *Commonwealth v. Bennett*, 445 Pa. 8, 15, 282 A.2d 276 (1971), we stated:

"Pertinent to such an inquiry are the length of time between the warnings and the challenged interrogation, whether the interrogation was conducted at the same place where the warnings were given, whether the officer who gave the warnings also conducted the questioning, and whether statements obtained are ma-

2. At the time of this suppression hearing, appellant was awaiting trial for the murder of his wife. He was represented by Mr. Hemphill in that proceeding.

terially different from other statements that may have been made at the time of the warnings. . . ."

Here, the length of time was a little over two hours. Both interrogations were in the same room. While a different officer conducted the second interview, the statements did not materially differ. In the first, appellant admitted being with the victim outside her house. In the second, he added that he accompanied her inside and saw her fall against a table. After placing her on the couch, appellant stated that he left. Under these circumstances, we do not believe it was necessary that Detective Carty re-administer the warnings. See *Commonwealth v. Ferguson, supra.*

Judgment of sentence affirmed.

ROBERTS and MANDERINO, JJ., concurred in the result.

JONES, former C. J., took no part in the consideration or decision of this case.