784 A.2d 776

**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Edward GIBBONS and Clare Gibbons, Appellants.**

Supreme Court of Pennsylvania.

Argued Jan. 31, 2001.

Decided Nov. 30, 2001.

26

Stuart L. Haimowitz, for appellant, Edward Gibbons

Ellen T. Greenlee, John Packel, Philadelphia, for appellant, Clare Gibbons.

Catherine Marshall, Hugh J. Burns, Philadelphia, for the Com. of PA.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and SAYLOR, JJ.

## *OPINION*

Justice NIGRO.

In this appeal, Appellants Edward and Clare Gibbons argue that it was improper for the trial court to consider the Commonwealth's appeal of a municipal court order granting a judgment of acquittal. We agree, and therefore reverse.

Appellants were charged with reckless endangerment of another person,[1] simple assault,[2] and criminal conspiracy[3] as a result of an altercation they had with their neighbors on December 27, 1997. During Appellants' bench trial in municipal court, the Commonwealth presented the testimony of three witnesses. Two of the witnesses testified that the altercation took place on December 12, 1997, while one witness testified that it took place on March 12, 1997. After the Commonwealth rested, Appellants moved for a judgment of acquittal pursuant to Pa.R.Crim.P. 1124(a)(1).[4] Appellants argued that the Commonwealth had failed to meet its burden of proof because the complaint charged Appellants with acts committed on December 27, 1997, but the Commonwealth's witnesses had only testified to acts occurring on either December 12, 1997 or on March 12, 1997. In response to Appellants' motion, the assistant district attorney asserted that she made a mistake as to the date of the altercation when eliciting the Commonwealth's witnesses' testimony and requested permission to amend the transcript. The municipal court refused this request and granted Appellants' motion. Subsequently, the Commonwealth filed a petition for writ of *certiorari* with the

1. 18 Pa.C.S. § 2705.
2. 18 Pa.C.S. § 2701.
3. 18 Pa.C.S. § 903.
4. Effective April 1, 2001, Pa.R.Crim.P. 1124 became Pa.R.Crim.P. 606. However, the text of the rule did not change. The rule provides in pertinent part:
   (A) A defendant may challenge the sufficiency of the evidence to sustain a conviction of one or more of the offenses charged in one or more of the following ways:
   (1) a motion for judgment of acquittal at the close of the Commonwealth's case-in-chief[.]
   Pa.R.Crim.P. 606.

28

trial court, seeking a new trial. Following oral argument on September 24, 1998, the trial court granted the Commonwealth's petition, reversing the judgment of acquittal and remanding for a new trial. On appeal, the Superior Court affirmed with President Judge McEwen dissenting.

Under the Double Jeopardy Clauses of both the United States and Pennsylvania Constitutions, as well as under the Pennsylvania Crimes Code, a second prosecution for the same offense after acquittal is prohibited. *See* U.S. CONST. amend. V; PA. CONST. art. I, § 10; 18 Pa.C.S. § 109(1).[5] This rule barring retrial is confined to cases where the prosecution's failure to meet its burden is clear and a second trial would merely afford the prosecution another opportunity to supply evidence that it failed to put forth in the first proceeding. *See Commonwealth v. Vogel,* 501 Pa. 314, 461 A.2d 604, 609–610 (1984) (citing *Burks v. U.S.,* 437 U.S. 1, 17, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978)). "This prohibition prevents the State from honing its trial strategies and perfecting its evidence through successive attempts at conviction. Repeated prosecutorial sallies would unfairly burden the defendant and create a risk of conviction through sheer governmental perseverance." *Id.* (citing *Green v. United States,* 355 U.S. 184, 187–188, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957)).

Double Jeopardy also necessarily bars an appeal by a state from a verdict of acquittal. *See Smalis v. Pennsylvania,* 476 U.S. 140, 106 S.Ct. 1745, 90 L.Ed.2d 116 (1986); *Commonwealth v. Maurizio,* 496 Pa. 584, 437 A.2d 1195 (1981). A judgment of acquittal, whether based on a verdict of not guilty or on a ruling by the court that the evidence was

5. Section 109 provides:

When a prosecution is for a violation of the same provision of the statutes and is based upon the same facts as a former prosecution, it is barred by such former prosecution under the following circumstances: (1) The former prosecution resulted in an acquittal. There is an acquittal if the prosecution resulted in a finding of not guilty by the trier of fact or in a determination that there was insufficient evidence to warrant a conviction. A finding of guilty of a lesser included offense is an acquittal of the greater inclusive offense, although the conviction is subsequently set aside.

18 Pa.C.S. § 109(1).

insufficient to convict, may not be appealed. *See United States v. Scott,* 437 U.S. 82, 91, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978). The trial court's characterization of its action does not necessarily control the classification of the action. *Commonwealth v. McDonough,* 533 Pa. 283, 621 A.2d 569, 573 (1993). Rather, a defendant is "acquitted" when the "ruling of the judge, whatever its label, actually represents a resolution [in the defendant's favor], correct or not, of some or all of the factual elements of the offense charged." *Id.* at 97, 621 A.2d 569 (quoting *United States v. Martin Linen Supply,* 430 U.S. 564, 571, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977)).

■ Here, both the trial court and the Superior Court concluded that the verdict of acquittal entered by the municipal court in the instant case did not constitute an acquittal for purposes of double jeopardy. The Superior Court reasoned that "[t]he [municipal] judge's comments at the hearing indicated that he did not grant Appellants' motion because he determined that they were innocent of the charges. Rather, the judge determined that the testimony did not support the charges set forth in the criminal information because of the discrepancy in the dates." *Commonwealth v. Gibbons,* Nos. 3169 and 3202 Philadelphia 1998, slip op. at 5, 752 A.2d 420 (Pa.Super.2000). Consequently, the Superior Court found that the municipal court's ruling could not be construed as an adjudication on the merits and therefore, the trial court properly considered the Commonwealth's appeal from the judgment of acquittal. We disagree.

A review of the record clearly reveals that the municipal court granted Appellants' motion for judgment of acquittal based on the fact that the Commonwealth had failed to meet its burden. The record, in pertinent part, reads:

[ASSISTANT DISTRICT ATTORNEY]: Respectfully, I am able to and I am asking Your Honor to move to amend the transcript to change the date to the 27th, a minor detail, like respectfully a date. If we ask them what day it was, we asked them specifically what happened, there is no question in your mind, Your Honor, that something happened at this

time, and I am correcting a minor clerical mistake on my part on reading from my notes.

THE COURT: Well, counsel—

[ASSISTANT DISTRICT ATTORNEY]: And the incident still happened. It still happened in December. Are you saying—

THE COURT: I'm not saying that the incident didn't happen, but the thing is, the Commonwealth is duty-bound to establish beyond a reasonable doubt that on 12/27/97, that this event occurred. You have rested your case. **There has not been an iota of evidence to establish that you made your burden out for this incident on 12/27/97.**

[ASSISTANT DISTRICT ATTORNEY]: Well, respectfully, Your Honor, I think that the Commonwealth right now and the victims, I misread the day in question, the day, the date, the year, the time, the location, the specific facts, there's no question in Your Honor's mind as to what happened on that time, not even a month period, and my path is material, a 15–day period on or about December 1997.

\* \* \*

[ASSISTANT DISTRICT ATTORNEY]: I'm asking you to let me amend any reference in the transcript.

THE COURT: No.

[ASSISTANT DISTRICT ATTORNEY]: To the 27th.

THE COURT: No, I will not. You put on—you closed, you rested, that's it.

\* \* \*

[ASSISTANT DISTRICT ATTORNEY]: Your Honor, counsel is making [the motion] on a technicality. Counsel would like—

THE COURT: Yes, but the thing is, that is why counsel is there. Counsel is there to make sure they get a fair trial.

[ASSISTANT DISTRICT ATTORNEY]: Your Honor, this is not what a motion for acquittal is for, and you know it. A motion for acquittal is not for a typographical error on the Commonwealth's notes.

THE COURT: But there is nothing else. **There is not an iota, not a scintilla of evidence that indicated that this was, this happened, this even happened on the 27th of December.** Judgment of acquittal is granted.

N.T., 5/22/98, at 79–87 (emphasis added). In light of this discussion, it seems clear that the municipal court granted the motion for judgment of acquittal on the basis that the Commonwealth failed to present sufficient evidence to convict Appellants of the offenses as charged. Since the judgment of acquittal was based on a ruling by the municipal court that the evidence was insufficient to convict, the Commonwealth was precluded from appealing that order. *See* 18 Pa.C.S. § 109(1); *Scott*, 437 U.S. at 91, 98 S.Ct. 2187. Thus, it was improper for the trial court to consider the Commonwealth's appeal and the order of the trial court remanding this case to the municipal court for a new trial is therefore reversed. Jurisdiction relinquished.

Justice NEWMAN did not participate in the consideration or decision of this case.

Justice SAYLOR files a concurring opinion.

Justice CASTILLE dissents.

Justice SAYLOR, concurring.

Although I join the majority's disposition, I would emphasize that there is no absolute double jeopardy bar to appellate review of judgments of acquittal; the availability of such review is dependent upon the essential character of the court's judgment; and the viability of the prosecution appeal depends upon whether the issue in question is one of law or fact.[1]

---

1. *See United States v. Lynch*, 162 F.3d 732, 734 (2nd Cir.1998) (citing *United States v. Scott*, 437 U.S. 82, 98, 98 S.Ct. 2187, 2197, 57 L.Ed.2d 65 (1978); *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 571, 97 S.Ct. 1349, 1354–55, 51 L.Ed.2d 642 (1977)); 15B CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE, JURISDICTION AND RELATED MATTERS 2d § 3919.5 (1992) (hereinafter "WRIGHT, FEDERAL PRACTICE AND PROCEDURE 2d"); Forrest G. Alogna, Note, *Double Jeopardy, Acquittal Appeals, and the Law–Fact Distinction*, 86 CORNELL L.REV. 1131, 1153 (2001). The rationale for allowing certain prosecution appeals is that, where a defendant seeks to termi-

Differentiating questions of fact from questions of law has proven difficult for courts, with the characterization "as much a matter of allocation as it is of analysis." *Miller v. Fenton,* 474 U.S. 104, 114, 106 S.Ct. 445, 451, 88 L.Ed.2d 405 (1985).

As concerns double jeopardy jurisprudence, I view the circumstances of this case as unique. The question presented here, as posed by the Commonwealth, is whether the trial court's ruling concerned a factual element of its case or represented a legal determination. According to the Commonwealth, the date is not an essential element as to the offenses here charged (criminal conspiracy, simple assault, and reckless endangerment); the trial court's conclusion to the contrary merely represented an erroneous legal ruling; and, therefore, double jeopardy precepts pose no bar to its appeal. In making such argument, the Commonwealth characterizes the issue as one involving a variance between the complaint and the proof at trial, and maintains that the municipal court abused its discretion in denying the prosecutor leave to amend the complaint.[2]

nate a trial on grounds unrelated to guilt or innocence, the underlying purpose of the double jeopardy prohibition is not implicated. *See Scott,* 437 U.S. at 95–96, 98 S.Ct. at 2196.

**2.** In general, the charging document (criminal complaint or information) must advise the defendant, *inter alia,* of the date when the offense is alleged to have been committed. *See* Pa.R.Crim.P. 504(4), (b) (providing, *inter alia,* that a complaint shall set forth the date of the offense, and the date or day of the week if it is an essential element of the offense charged); Pa.R.Crim.P. 560(A)(3) (setting forth a similar requirement for a criminal information). The purpose of such requirement is to provide the defendant with sufficient notice to meet the charges and prepare a defense. *See generally Commonwealth v. Alston,* 539 Pa. 202, 209–10, 651 A.2d 1092, 1095 (1994). Variance issues typically arise in the context of a mistake or error in the charging document. *See, e.g., Commonwealth v. Ohle,* 503 Pa. 566, 589, 470 A.2d 61, 73 (1983) (involving an incorrect citation to the Crimes Code as opposed to the Penal Code); *Commonwealth v. Gray,* 473 Pa. 424, 428, 374 A.2d 1285, 1287 (1977) (concerning a date of the killing different than that testified to by the medical examiner). In such circumstances, a defendant is entitled to relief only if the discrepancy misled him at trial, involved an element of surprise prejudicial to his defense, precluded him from anticipating the prosecution's proof, or impaired a substantial right. *See Commonwealth v. Pope,* 455 Pa. 384, 391, 317 A.2d 887, 890 (1974). Parenthetically, a variance should be differentiated from the situation in which the Commonwealth seeks to prosecute a

This was not, however, a typical variance situation. In the present case, in response to Appellee's motion for a judgment of acquittal, the prosecutor did not seek to amend the complaint to conform with the trial proofs; rather, she contended that the date in the complaint was correct but a defect existed in the Commonwealth's proof. Indeed, the Commonwealth's proofs as concerned the date of the offense not only varied from that asserted in the complaint, they were also internally inconsistent to a substantial degree. The prosecutor therefore took the very unusual step of requesting leave to amend the notes of testimony or, in the alternative, to reopen the case and re-call the witnesses to rectify her case.

Although I agree with the Commonwealth that the variance between the complaint and proofs and the inconsistency in the trial proofs did not implicate a factual element of the offenses charged, given the character of the discrepancies involved, I support the municipal court's conclusion that it did concern a requirement of the Commonwealth's proof. *See supra* note 2. In the unique circumstances presented, therefore, and where the municipal court couched its ruling in terms of the suffi-

defendant without alleging or proving a specific date the offense was committed. *Cf. Commonwealth v. Devlin*, 460 Pa. 508, 513, 333 A.2d 888, 890 (1975) (concluding that proof that the crime occurred sometime during a fourteen-month span constituted a fundamentally unfair burden upon the defendant's ability to defend).

A defect in the charging document may be treated as a legal issue for purposes of double jeopardy where its resolution does not depend upon an assessment of the prosecution's evidence. *See, e.g., U.S. v. Kehoe*, 516 F.2d 78, 83, 85–86 (5th Cir.1975) (concluding that judgment of acquittal granted mid-trial and based upon the failure of the indictment to state an offense was purely legal and double jeopardy did not bar further proceedings); *accord State v. Evans*, 205 Conn. 528, 534 A.2d 1159, 1164 (1987) (plurality opinion) (holding that double jeopardy does not preclude the prosecution from appealing a dismissal based upon the failure of the information to specify the date of the offense); *State v. Pusey*, 600 A.2d 32, 36–37 (Del.1991); *Florida v. James*, 626 So.2d 259, 261–62 (Fla.App.1993). Where the discrepancy has involved an element of the offense as proven at trial, it has been treated as factual. *See, e.g., United States v. Hunt*, 212 F.3d 539, 544 (10th Cir.2000) (holding that double jeopardy barred a government appeal where the indictment alleged theft from the mail, and the proof established only a theft).

34

ciency of the evidence, I am able to join the majority's order enforcing a double jeopardy bar.