J-S36014-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TODD PATRICK GOODRICK | |
| Appellant | No. 1521 MDA 2015 |

Appeal from the Judgment of Sentence April 29, 2015
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0000686-2014

BEFORE:  MUNDY, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MUNDY, J.:                    **FILED MAY 11, 2016**

Appellant, Todd Patrick Goodrick, appeals from the April 29, 2015 aggregate judgment of sentence of 23 months' probation (as well as costs, fines, and restitution), imposed by the trial court after it convicted Appellant of theft by unlawful taking and defiant trespass.[1]  After careful review, we affirm.

The trial court recited the facts of record presented at Appellant's bench trial as follows.

> On or about November 10, 2013, employees of Klick Lewis (herein the Victim), located at 720 East Main Street, Palmyra Borough, Lebanon County,

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3921(a) and 3503(b), respectively.

Pennsylvania, noticed that the dumpster used for scrap metal had been partially emptied over weekends and some evenings. The dumpster is owned by [the Victim]. The dumpster contained scrap metal which the Victim collects from its business and sells to third parties by weight. There were "No Trespassing" signs on the dumpster on the dates in question. The signs were reflective so that they could be seen at night as well as during the day.

Specifically, Scott R[yan], an employee of the [V]ictim, testified that when he arrived at work on Monday morning, November 11, 2013, he noticed that the dumpster was not as full as it was on Saturday when he left the property at the close of business. The dumpster was approximately half to three quarters full on Saturday and was nearly empty on Monday morning. [Ryan] testified that the dumpster usually gets emptied about every two to three months. The worth of the contents varies each time the dumpster is emptied because the price is based on weight.

The police were notified and Officer Timothy Langle[2] (herein Offcr. Langle) of the Palmyra Police Department suggested that a camera of some sort be installed to monitor the dumpster. [Ryan] setup [sic] a "trail" camera up in the trees near the dumpster. The camera was motion activated, so that when a person or anything moved within a certain area near the camera, it would begin recording and stop when activity ceased for a period of time. The camera was set up to capture any movement around the dumpster. [Ryan] printed the photos from the camera and provided the SD card to police on December 16, 2013, after items had been removed from the dumpster.

---

[2] The parties' briefs and the notes of testimony from the March 10, 2015 bench trial spell this individual's surname "Lengle."

The pictures showed a car pulling up to the dumpster. R[yan] testified that where the car pulled up, the "No Trespassing" sign would have been visible to someone inside the car. These pictures show a male wearing a ballcap climbing into the dumpster and removing items. Knowing that these thefts were occurring with some frequency, Offcr. Langle would go by the dumpster while he was on patrol at night to check as well.

Offcr. Langle was on patrol from midnight until eight a.m. on December 21, 2013. He pulled into the Wells Fargo [B]ank parking lot and noticed a vehicle parked near the dumpster at the Victim's business. He turned on the alley light on his patrol vehicle, heard someone in the dumpster, and a person emerged from the dumpster. Offcr. Langle identified [Appellant] as the person who emerged from the dumpster that night. [Appellant] got out of the dumpster and told Offcr. Langle that he had not seen the "No Trespassing" signs. [Appellant] stated that he was dumpster diving and admitted to taking scrap from the dumpster on previous occasions, including December 16th.

Trial Court Opinion, 8/11/15, 2-4.

Appellant was charged with the above offenses and proceeded to a bench trial on March 10, 2015, after which the trial court rendered its guilty verdicts. Appellant immediately moved for judgment of acquittal, asserting that the criminal information listed November 10, 2013 as the date of the theft. N.T., 3/10/15, at 37. Appellant specifically averred that the Commonwealth "had no specific evidence to tie [Appellant] to the date charged in the information." *Id.* at 38. Despite stating that it "had a problem with November 10th because nobody tied that [theft] to

[Appellant]," the trial court denied Appellant's request for judgment of acquittal. *Id.* at 39.

On April 29, 2015, the trial court sentenced Appellant to 23 months' probation, as well as costs of prosecution, fines, and restitution. Appellant filed a post-sentence motion on May 8, 2015, again raising his claim that the verdict was against the weight of the evidence, as well as a sufficiency of the evidence claim. The trial court convened a hearing on July 22, 2015, and denied the post-sentence motion on August 11, 2015. Appellant filed a notice of appeal on September 1, 2015.[3]

On appeal, Appellant presents two issues for our review.

> I.   Whether the [trial c]ourt's verdict of guilty on the Theft by Unlawful Taking was against the weight of the evidence?
>
> II.  Whether the Commonwealth failed to present sufficient evidence that [Appellant] committed the theft of the scrap metal on November 10, 2013?

Appellant's Brief at 4.

In his first claim, Appellant argues that the trial court's "verdict of guilty was against the weight of the evidence."[4] Appellant's Brief at 9. Specifically, Appellant asserts that he was wrongfully convicted of theft

---

[3] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

[4] As indicated in our recitation of the procedural history, Appellant has complied with Pennsylvania Rule of Criminal Procedure 607 governing his challenge to the weight of the evidence.

because the criminal information "addresses a theft on November 10, 2013," the evidence presented at trial "was solely about the theft on December 16th and December 21st," and "the Commonwealth did not amend the information to reflect the proper date." *Id.*

The Commonwealth counters that Appellant's claim is without merit because he "was provided with discovery which covered all the alleged thefts. … [He] also asked questions referencing all dates" and "was clearly aware that the Commonwealth would be presenting evidence of the December thefts prior to trial and managed his trial strategy accordingly." Commonwealth's Brief at 8.

Preliminarily, we note that Appellant's counsel did not object at trial when the Commonwealth began introducing testimony regarding the December thefts. ***See***, ***e.g.***, N.T., 3/10/15, at 20-21 (including, but not limited to, Appellant's counsel expressly stating "no objection" to the Commonwealth's introduction, through Mr. Ryan, of photographs taken December 16, 2013 from the trail camera).

> It is well settled that "a defendant's failure to object to allegedly improper testimony at the appropriate stage ... constitutes waiver." [***Commonwealth v.***] ***Molina***[, 33 A.3d 51, []55 [(Pa. Super. 2011)], *citing* ***Commonwealth v. Redel***, 484 A.2d 171, 175 (Pa. Super. 1984). … ***See also Commonwealth v. Baumhammers***, 960 A.2d 59, 73 (Pa. 2008) ("it is axiomatic that issues are preserved when objections are made timely to the error or offense"); ***Commonwealth v. Powell***, 956 A.2d 406, 423 (Pa. 2008) (absence of a contemporaneous objection below constituted a waiver of appellant's claim respecting the prosecutor's closing argument)[.]

*Commonwealth v. Adams*, 39 A.3d 310, 319-20 (Pa. Super. 2012), *affirmed*, 104 A.3d 511 (Pa. 2014).

Instantly, although Appellant moved for judgment of acquittal on the basis of the November 10, 2013 date in the criminal information, he did not do so until after all of the testimony had concluded and the trial court rendered its verdicts. As such, Appellant has arguably waived his challenge on appeal to the litigation of the December thefts, for having failed to object to that testimony at the proper stage. *Adams*, *supra*.

Nonetheless, with regard to the merits, we note that when reviewing a weight claim we are bound by the following.

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. *Commonwealth v. Johnson*, 668 A.2d 97, 101 (1995), *cert. denied,* 117 S.Ct. 90 (1996). An appellate court cannot substitute its judgment for that of the finder of fact. *Commonwealth v. Pronkoskie*, 445 A.2d 1203, 1206 (1982). Thus, we may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice. *Commonwealth v. Hawkins*, 701 A.2d 492, 500 (1997), *cert. denied,* 118 S.Ct. 1535 (1998).

> *Commonwealth v. Small*, 741 A.2d 666, 672–73 (1999). Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on

the weight claim. ***Commonwealth v. Tharp****,* 830 A.2d 519, 528 (Pa. 2003) (citations omitted).

***Commonwealth v. Champney***, 832 A.2d 403, 408 (Pa. 2003) (parallel citations omitted), *cert. denied*, 542 U.S. 939 (2004).

Here, the trial court explained its rationale for rejecting Appellant's weight claim as follows.

> [Appellant] was provided with discovery prior to trial which covered all three dates mentioned, not only the date of November 10, 2013. Defense counsel asked questions regarding the December 16 and 21, 2013 incidents, as well as the November 10, 2013 incident. While the date given in the information is November 10, 2013, [Appellant] was found in the dumpster by Officer Langle on December 21, 2013 and admitted to being the person shown on camera in the dumpster on December 16, 2013. The Commonwealth presented evidence that [Appellant] was the person who unlawfully removed scrap metal from the Victim's dumpster on December 16 and 21 of 2013. The date, while not amended by the Commonwealth, is a formal defect in the information. It does not change the offense or any element of the offense charged. [Appellant] was aware that the Commonwealth would be presenting evidence regarding the December dates prior to trial. This [trial c]ourt finds that the verdict was not against the weight of the evidence presented because there was evidence presented as to the December dates.

Trial Court Opinion, 8/11/15, at 6.

Our review of the certified record confirms that the criminal information lists November 10, 2013 as the sole offense date. Criminal Information, 5/5/14, at 1. In addition, November 10, 2013 was listed as an offense date on the criminal complaint. Criminal Complaint, 3/10/14, at 1.

However, the criminal complaint also lists December 21, 2013 as a date when Appellant "on 12/21/13 … did unlawfully take, or exercise unlawful control over, moveable property, scrap metal …." *Id.* at 3. Furthermore, the affidavit of probable cause signed by Officer Langle listed December 16, 2013 and December 21, 2013 as offense dates. Affidavit of Probable Cause, 3/11/14, at 1. The criminal complaint and affidavit of probable cause were filed prior to the criminal information. Consequently, as the trial court indicated, Appellant was aware that the Commonwealth would be presenting evidence regarding the two December dates prior to trial.

Pennsylvania Rule of Criminal Procedure 560 provides as follows.

**Rule 560. Information: Filing, Contents, Function**

(A) After the defendant has been held for court following a preliminary hearing or an indictment, the attorney for the Commonwealth shall proceed by preparing an information and filing it with the court of common pleas.

(B) The information shall be signed by the attorney for the Commonwealth and shall be valid and sufficient in law if it contains:

(1) a caption showing that the prosecution is carried on in the name of and by the authority of the Commonwealth of Pennsylvania;

(2) the name of the defendant, or if the defendant is unknown, a description of the defendant as nearly as may be;

(3) **the date when the offense is alleged to have been committed if the precise date is known, and the day of the week if it is an essential element of the offense charged, provided that if the precise date is not known or if the offense is a continuing one, an allegation that it was committed on or about any**

> **date within the period fixed by the statute of limitations shall be sufficient**;
>
> (4) the county where the offense is alleged to have been committed;
>
> (5) a plain and concise statement of the essential elements of the offense substantially the same as or cognate to the offense alleged in the complaint; and
>
> (6) a concluding statement that "all of which is against the Act of Assembly and the peace and dignity of the Commonwealth."
>
> (C) The information shall contain the official or customary citation of the statute and section thereof, or other provision of law that the defendant is alleged therein to have violated; but the omission of or error in such citation shall not affect the validity or sufficiency of the information.
>
> (D) In all court cases tried on an information, the issues at trial shall be defined by such information.
>
> *Comment:* The attorney for the Commonwealth may electronically prepare, sign, and transmit the information for filing.
>
> …
>
> When there is an omission or error of the type referred to in paragraph (C), the information **should** be amended pursuant to Rule 564.

Pa.R.Crim.P. 560 (emphasis added).

The text emphasized above in subsection (3), although not directly applicable to the situation presented in this case, indicates that the legislature contemplated continuing offenses and flexibility in an information. In addition, the comment referencing amendment of an error in an information permissively indicates that the information **should** be amended, not that it **must**.

We agree with Appellant that "a review of cases dealing with information amendments could find no case on point." Appellant's Brief at 10. However, it is uncontroverted that "the purpose of a criminal information is to notify the defendant of the charge he has to meet." *Commonwealth v. McIntosh*, 476 A.2d 1316, 1321 (Pa. Super. 1984), *citing* *Commonwealth v. Petrillo,* 12 A.2d 317, 324 (Pa. 1940). "Although the information is not to be read in an overly technical manner, we must arrest judgment where an error in the information is one that could 'mislead the defendant or [that] involves an element of surprise prejudicial to the defendant's efforts to prepare his defense, or precludes the defendant from anticipating the prosecution's proof, or impairs a substantial right.'" *Id.* *quoting* *Commonwealth v. Pope,* 317 A.2d 887, 890 (Pa. 1974).

We further find the recent commentary of our Court to be instructive. We stated as follows.

> It is the duty of the prosecution to "fix the date when an alleged offense occurred with reasonable certainty." *Commonwealth v. Jette,* 818 A.2d 533, 535 (Pa. Super. 2003) (citation omitted). The purpose of so advising a defendant of the date when an offense is alleged to have been committed is to provide him with sufficient notice to meet the charges and prepare a defense. *Commonwealth v. Gibbons,* 784 A.2d 776 (Pa. 2001).
>
> > However, "due process is not reducible to a mathematical formula," and the Commonwealth does not always need to prove a specific date of an alleged crime. *Commonwealth v. Devlin,* 333 A.2d 888, 892 (Pa. 1975).... Permissible leeway regarding

> the date provided varies with, *inter alia,* the nature of the crime and the rights of the accused. **See** Pa.R.Crim.P. 560(B)(3), stating that it shall be sufficient for the Commonwealth to provide in the information, if the precise date of an offense is not known, an allegation that the offense was committed on or about any date within the period fixed by the statute of limitations.
>
> **Commonwealth v. Koehler**, 914 A.2d 427, 436 (Pa. Super. 2006).

**Commonwealth v. Riggle**, 119 A.3d 1058, 1069-70 (Pa. Super. 2015) (parallel citations omitted). Instantly, the trial court referenced the policy and rationale where "the purpose of so advising a defendant of the date when an offense is alleged to have been committed is to provide him with sufficient notice to meet the charges and prepare a defense." **Id.** Our review of the record confirms that Appellant had sufficient notice to meet the charges and prepare a defense, which he in fact did present at the March 10, 2015 bench trial. We thus find no abuse of discretion by the trial court, and reject Appellant's weight claim.

In his second issue, Appellant assails the sufficiency of the evidence, and repeats his argument concerning the November 10, 2013 date in the information relative to the December 16 and 21, 2013 dates.

It is well-settled that when reviewing a sufficiency of the evidence claim, this Court must review the evidence and all reasonable inferences in the light most favorable to the Commonwealth as the verdict winner, and we must determine if the evidence, thus viewed, is sufficient to enable the fact-

finder to find every element of the offense beyond a reasonable doubt. ***Commonwealth v. Goins***, 867 A.2d 526, 527-528 (Pa. Super. 2004) (citations omitted). "The fact-finder is free to believe all, part, or none of the evidence presented[, t]his Court may not substitute its judgment for that of the fact-finder, and if the record contains support for the verdict, we may not disturb the verdict." ***Id.*** (citations omitted). "A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." 18 Pa.C.S.A. § 3921(a). Movable property is defined as "[p]roperty the location of which can be changed." 18 Pa.C.S.A. § 3901.

Here, the trial court recognized that Appellant's sufficiency argument was "based on the date contained in the information." Trial Court Opinion, 8/11/15, at 7. In rejecting Appellant's claim, the trial court stated, "the verdict was based on th[e] evidence and not the date contained in the information." ***Id.*** at 8. Given the facts of record and applicable standard of review, we apply our analysis of Appellant's weight claim to his sufficiency claim, and find no abuse of discretion where there was sufficient evidence to support the trial court's verdict.

Accordingly, we decline to grant Appellant relief on his weight and sufficiency claims, and affirm the April 29, 2015 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/11/2016