J-A23036-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
KELLY EUGENE PATZ :
:
Appellant : No. 1570 WDA 2024

Appeal from the PCRA Order Entered December 11, 2024
In the Court of Common Pleas of Warren County Criminal Division at
No(s): CP-62-CR-0000334-2019

BEFORE: PANELLA, P.J.E., McLAUGHLIN, J., and BENDER, P.J.E.

CONCURRING AND DISSENTING MEMORANDUM BY BENDER, P.J.E.:

**FILED: April 10, 2026**

I concur in the result reached by the Majority in its disposition of Appellant's first issue concerning the sufficiency of the evidence. However, I disagree with the Majority's resolution of Appellant's second issue involving the dates in the criminal information and the jury instruction regarding the scope of the periods outlined in the criminal information. Therefore, I respectfully dissent.

In his second issue, Appellant inquires:

Whether the PCRA court erred in finding appellate counsel was effective in failing to adequately brief and present argument concerning the dates of the criminal information and improper reinstruction to the jury on the scope of the periods outlined in the criminal information?

Appellant's Brief at 6. Appellant argues that his appellate counsel was ineffective for waiving his claim that the trial court erroneously instructed the jury "that it was not bound by the periods included in the criminal information…." *Id.* at 41. Specifically, during its deliberations, the jury sent a question to the trial court that asked, "Are we bound by the dates listed with the charges?" Question from Jury, 6/3/21, at 1 (single page). In a note, handwritten on the same page as the question, the court responded:

> The qualifying language of "on or about" indicates that the dates set forth are approximate dates of the period in question. Please be mindful regarding the age of the alleged victim set forth in the elements of the offenses.

*Id.*[1] Appellant's counsel objected to the court's providing this instruction, arguing that the jury should be limited to considering only the date ranges set forth in the criminal information. *See* N.T. Trial, 6/2/21, at 484-87. However, the court overruled that objection and provided the above response to the jury. *Id.* at 487. On direct appeal, Appellant's counsel raised an issue challenging the court's instruction in response to the jury's question, but we deemed it waived based on counsel's failure to meaningfully develop an argument on that issue. *Commonwealth v. Patz*, 1 WDA 2022, 2023 WL 153190, *6 (Pa. Super. filed January 11, 2023)(unpublished memorandum).

---

[1] Given that the document setting forth the jury's question, which includes the court's handwritten response thereto, was filed and docketed in the certified record, I disagree with the Commonwealth's argument that "[t]his claim is waived because no such instruction is of record" and the "instruction actually given was not transcribed." Commonwealth's Brief at 16.

Appellant now contends that his appellate counsel acted ineffectively by waiving this claim, because this Court would have determined that the trial court's response to the jury's question violated Appellant's due process rights. Appellant's Brief at 47. Before delving into the specifics of Appellant's argument, I note that "[a] question regarding whether a due process violation occurred is a question of law for which the standard of review is *de novo* and the scope of review is plenary." **Commonwealth v. Tejada**, 161 A.3d 313, 317 (Pa. Super. 2017) (citing **Commonwealth v. Smith**, 131 A.3d 467, 472 (Pa. 2015)). Additionally, this Court has explained:

> It is the duty of the prosecution to "fix the date when an alleged offense occurred with reasonable certainty…." **Commonwealth v. Brooks**, 7 A.3d 852, 857-58 (Pa. Super. 2010) (citation omitted). "The purpose of so advising a defendant of the date when an offense is alleged to have been committed is to provide him with sufficient notice to meet the charges and prepare a defense." [**Id.**] at 858 (citing **Commonwealth v. Gibbons**, 784 A.2d 776 (Pa. 2001)).
>
> Our Supreme Court explained that the Commonwealth's inability to "fix" the date of the offense in its prosecution of an alleged crime implicates the defendant's rights to due process. **See generally Commonwealth v. Devlin**, 333 A.2d 888, 890-92 (Pa. 1975); **see also Commonwealth v. Levy**, 23 A.2d 97 ([Pa. Super.] 1941). Under the Federal Constitution, if the opportunity to defend is inadequate, the defendant is denied due process of law. **Devlin**, 333 A.2d at 891 (citation omitted). Additionally, Article I, Section 9 of Pennsylvania's Constitution is violated where the defendant is substantially denied an opportunity to present a defense. … **Id.** (citations omitted). When the prosecution does not or cannot allege, with sufficient particularity, the date of the alleged crime, the accused is denied an opportunity to mount a defense and thus deprived of their right to due process. **Id.** at 890-91 (some internal citations and quotations omitted).

However, "due process is not reducible to a mathematical formula," and the Commonwealth does not always need to provide a specific date of an alleged crime. **Brooks**, 7 A.3d at 858 (quoting **Devlin**, 333 A.2d at 892). Pennsylvania Rule of Criminal Procedure 560(B)(3) states that it shall be sufficient for the Commonwealth to allege that an offense was committed "**on or about** any date within the period fixed by the statute of limitations" if the precise date is not known. Pa.R.Crim.P. 560(B)(3) (emphasis added).

In **Devlin**, for instance, the Commonwealth alleged throughout its prosecution that the sex crime offense occurred in April 1972. Notably, the charging information and the indictment was inaccurate from the beginning; the alleged victim approached law enforcement on April 14, but the detective's charging information and the subsequent indictment alleged that the offense occurred on April 16. At the trial, the alleged victim (an adult with intellectual disabilities) could not testify with accuracy when the alleged offense took place – not the time of year, month, day, or date. Other Commonwealth witnesses, however, established that there was a continuing relationship between the alleged victim and the defendant from February 1971 until the crime was reported on April 14, 1972 – a timespan of fourteen months. **See Devlin**, 333 A.2d at 889. The trial judge ruled that the jury could find that the offense occurred at any point in that fourteen-month timespan, because the timespan occurred within the five-year statute of limitations. **Id.** at 890.

On appeal, the Supreme Court concluded that the fourteen-month timespan was "such an egregious encroachment upon the [defendant's] ability to defend himself that we must reverse." **Id.** at 892. The Court observed that it could not "enunciate the exact degree of specificity in the proof of the date of a crime which will be required or the amount of latitude which will be acceptable." **Id.** But it noted that "[a]ny leeway permissible would vary with the nature of the crime and the age and condition of the victim, balanced against the rights of the accused." **Id.**

**In the Interest of K.E.N.**, 638 WDA 2023, 2024 WL 2858397, *2-3 (Pa. Super. filed June 6, 2024)(unpublished memorandum).[2]

---

[2] Pursuant to Pa.R.A.P. 126(b), non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value.

In the case *sub judice*, Appellant argues that the Commonwealth was permitted to set forth in the criminal information a "broad[,] three-year time frame for twenty of the counts and [a] two-year period for the additional counts[,]" on which Appellant relied "in fashioning his defense." Appellant's Brief at 45. Namely, Appellant's "defense was to show that [J.G.'s] testimony could not be believed because the time periods alleged by [J.G.] were utterly inconsistent with when [J.G.] met and worked for [Appellant]." ***Id.***; ***see also*** N.T. PCRA Hearing at 38 (defense counsel's testifying that a large part of his defense strategy was trying to refute the dates set forth in the criminal information). Appellant explains that he is ***not*** arguing that the criminal information was insufficiently specific; instead, he is contending that "the Commonwealth was ***bound by those periods***" set forth in the information. Appellant's Brief at 45 (emphasis added). He insists that the court's instruction in response to the jury's question during deliberations erroneously "permitted the jury to consider dates beyond those included in the information[,]" without Appellant "having any advance notice that a lengthier time frame would be considered by the jury." ***Id.*** at 46 (footnote and emphasis omitted); ***see also*** N.T. PCRA Hearing at 42 (defense counsel's testifying that he had no notice that the time period would be broadened from what was included in the criminal information). Appellant avers that,

> [t]he jury had broad latitude, as did the Commonwealth, but that latitude cannot extend beyond the date range alleged into unknown weeks, months or years. This issue is one of arguable merit. Appellate counsel also had no reasonable basis for inadequately arguing and briefing this claim.

*Id.* at 47.

Initially, I agree with Appellant that this claim has arguable merit, and that his appellate counsel had no reasonable basis for waiving it on appeal. Therefore, the question is whether Appellant was prejudiced by the failure to develop a meaningful argument, and I conclude that Appellant has established a reasonable probability that we would have granted relief on direct appeal.

"The purpose of the indictment is to provide the accused with sufficient notice to prepare a defense." *Commonwealth v. Renninger*, 269 A.3d 548, 558 (Pa. Super. 2022). This Court has stated that "[t]he due process concerns of *Devlin* are satisfied where the victim can at least fix the times when an ongoing course of abuse commenced and when it ceased." *Id.* (citing *Commonwealth v. G.D.M., Sr.*, 926 A.2d 984, 990 (Pa. Super. 2007)).

Here, in the criminal information, the Commonwealth alleged that "on or about September 1, 2000 through June 30, 2003," Appellant committed the offenses charged at counts 1 through 18, and that "on or about June 1, 2006 through September 30, 2007[,]" he committed the offenses charged at counts 19 and 20. *See* Criminal Information, 9/17/19, at 1, 3 (unnumbered) (PCRA Hearing Defendant's Exhibit 5). Appellant's trial and appellate attorneys both testified at the PCRA hearing that Appellant's defense was focused on refuting those date ranges. *See* N.T. PCRA Hearing at 25 (appellate counsel's confirming that Appellant's defense "was built on trying to contradict the timeframes that were included in the information[]" and that the "timeframes were a significant part of [Appellant's] defense"); *id.* at 38

(trial counsel's stating that Appellant's defense was "built around … trying to refute those dates"); *id.* at 42 (trial counsel's confirming that "in preparing [Appellant] to testify and preparing [his] defense,[they were] focusing on the time periods charged in the criminal information"). The trial record supports counsels' testimony. *See* N.T. Trial, 6/2/21, at 421 (trial counsel's stating, in closing argument, that "Counts 1 through 20, the Commonwealth alleges occurred on September 1st through June 30th, so they are stuck with those dates on these charges"); *id.* (trial counsel's arguing, "they are saying [the abuse] happened on or about September 1, 200[0] to June 30, 2003. And how could that have happened when [Appellant] bought that camper on June 20, 2003?"); *id.* at 422-25 (trial counsel's discussing dates of the alleged abuse to argue the impossibility of J.G.'s claims). However, when the jury asked, during deliberations, if it was bound by the dates set forth in the information, the trial court's reply improperly permitted the jury to consider dates outside of the timeframes alleged in the information and on which Appellant had premised his defense.

In concluding that Appellant failed to meet the prejudice prong of the ineffectiveness test, the PCRA court "focused on the issue of whether, if properly preserved on appeal, the Superior Court would have found that [the trial c]ourt committed an abuse of discretion by giving the instruction at issue to the jury." PCRA Court Opinion (PCO), 1/13/25, at 12. The court then concluded that "its instruction was proper." *Id.* It explained:

As presented and argued in this [c]ourt's Memorandum Opinion in the first appeal, this [c]ourt did not err in giving this instruction in consideration of the following: "on or about" language of the Information; the nature of the continuous course of conduct; and the charges being sexual offenses committed against a minor victim. "If a precise date is not known or if the offense is a continuing one, an allegation [in the Criminal Information] that it was committed on or about any date within a period fixed by the statute of limitations shall be sufficient." Pa.R.Crim.P. 560(B)(3).

Subsequent to the case of … **Devlin**, wherein our Supreme Court held that due process requires the Commonwealth fix the date of the commission of the offense with reasonable certainty, the progeny of cases that followed scaled back this requirement as outlined in … **Renninger**, 269 A.3d [at] 557-58 … ("[T]he Commonwealth must be allowed a reasonable measure of flexibility when faced with the special difficulties involved in ascertaining the date of an assault upon a young child.")[;] **Com[monwealth] v. Luktisch**, 680 A.2d 877, 880 ([Pa. Super.] 1996) [(]"The Commonwealth must be afforded broad latitude when attempting to fix the date of offenses which involve a continuous course of criminal conduct.")[;] **Com[monwealth] v. Benner**, 147 A.3d 915, 921 (Pa. Super. 2016) [(]"The due process concerns of **Devlin** are satisfied where the victim can at least fix the times when an ongoing course of [molestation] commenced and when it ceased.")[;] … **G.D.M., Sr.**, 926 A.2d [at] 990….

In doing so, the [c]ourt gave the following rationale in **G.D.M., Sr.**[:]

A … child cannot be expected to remember each and every date upon which he was victimized, especially where those events are numerous and occur over an extended period of time. Unlike adults, the lives of children … do not revolve around the calendar, except to the extent that they may be aware of their birthday or Christmas, or the day a favorite television show airs. **To require young children to provide such detail would be to give child predators free rein.** Instantly, we find that the dates of the incidents were proven with sufficient specificity to satisfy due process.[9]

**Id.** (emphasis added).

> ⁹ In the case of **G.D.M., Sr.**, the victim was a six-year-old. Nevertheless, this court finds that the same rationale applies to the victim in this case.
>
> In answering the jury's question, this [c]ourt made sure to emphasize to the jury that if considering dates outside of the months outlined in the information, the jury should "**[p]lease be mindful regarding the age of the alleged victim set forth in the elements of the offenses.**"  It appears the jury adequately understood and applied this instruction, as there was a pattern in their guilt determination related to the age of the victim at the time of the offense.

*Id.* at 12-13.

Additionally, the PCRA court noted that "[a] difference between the information and proof offered at trial is not fatal 'unless it could mislead the defendant at trial, impairs a substantial right, or involves an element of surprise that would prejudice the defendant's efforts to prepare his defense.'" *Id.* at 13 (quoting **Renninger**, 269 A.3d at 557) (citation omitted)).  The court then addressed Appellant's argument that he was prejudiced by the court's response to the jury's question because, "had he known that the jury would have been permitted to consider timeframes outside of the information, he had evidence to present to refute the allegations." *Id.* at 14.  The court noted that, at the evidentiary hearing, Appellant's "counsel submitted Petitioner's Exhibit 11[,] identified as copies of paycheck stubs from when [Appellant] worked as a truck driver beginning in 2004.  [Appellant] argued that this type of proof would have been submitted[,] had he been aware of the time frames to be considered in support of his defense." *Id.*  The court then explained:

This argument is like that made by the defense in **Com[monwealth] v. Hacker**, 959 A.2d 380 ([Pa. Super.] 2008)[, *rev'd on other grounds*, 15 A.3d 333 (Pa. 2011)].

In **Hacker**, the defendant argued that a variance between the dates of the information and the dates presented in trial evidence prejudiced her because "not knowing the appropriate dates meant she had no opportunity to determine if there were witnesses or other evidence that would buttress her claim of innocence." **Id.** at 390. Despite this argument, Hacker "ma[de] no attempt whatsoever to demonstrate to [the Court] that there actually were any such witnesses or items of evidence. Now aware of the time frame of [the victim's] allegation, she ma[de] no proffer of what witnesses or evidence she would have introduced had she been more aware of the dates before trial. She d[id] not claim or demonstrate that she would have had an alibi." **Id.** As such, Hacker failed to demonstrate the variance in her case could have misled her, impaired her particular rights, or surprised her and consequently, she did not show the variance entitled her to relief. **Id.**

Here, to his credit, [Appellant] did make the attempt to demonstrate to the [c]ourt one exhibit[,] which he would have … admitted had [Appellant] known of the timeframe to be considered. However, this flimsy (at best) singular exhibit and attempt to demonstrate an alibi does not rise to the sufficient level necessary to show how the variance entitles [Appellant] to relief. No other witnesses or evidence was presented at the time of the PCRA hearing[,] and [Appellant's] testimony at the PCRA hearing that he had "evidence for other timeframes" is not sufficient to meet the burden required.

In analyzing the only evidence proffered by [Appellant] at the hearing, this [c]ourt concludes that if this exhibit was added to [Appellant's] other evidence presented at the time of trial, the result would remain the same. An exhibit that demonstrates [Appellant] traveled and worked often does not provide a "slam dunk" alibi defense that he could have **never, on or about** the time frame alleged or permitted to be considered by the jury, committed the offenses [of] which he was accused. [Appellant] fails to submit that the jury instruction misled him at trial, impaired a substantial right of his, or involved an element of surprise that prejudiced … [Appellant's] efforts to prepare his defense.

- 10 -

*Id.* at 14-15 (footnote omitted; emphasis in original). Ultimately, the PCRA court concluded that, "had appellate counsel properly argued the issue, the Superior Court would have discerned no abuse of discretion for the reasons described above and therefore, the third element of the ineffective counsel test is not met." *Id.* at 16.

In challenging the PCRA court's decision, Appellant first argues that **G.D.M., Sr.**, "simply does not support the PCRA court's rationale." Appellant's Brief at 48. He stresses that the jury was not instructed in that case that it did not have to consider the dates charged in the criminal information. Appellant also points out that he is **not** arguing, as did the appellant in **G.D.M., Sr.**, "that the evidence was insufficient because the dates were not specific." *Id.* at 49. Instead, Appellant is arguing that the Commonwealth was **bound by the time periods alleged in the criminal information**, which was not an issue addressed in **G.D.M., Sr. Id.**

Appellant also argues that the PCRA court's reliance on **Hacker** to reject his ineffectiveness claim is misplaced, as "that decision does not contradict [Appellant's] position, [but] in fact supports it." *Id.* He stresses that

> [t]he **Hacker** Court set forth, "Unless a variance could mislead the defendant at trial, impairs a substantial right, or involves an element of surprise that would prejudice the defendant's efforts to prepare a defense, it is not fatal." [**Hacker**, 959 A.2d at] 390. Instantly, *the variance did mislead [Appellant], did impair a substantial right, and did involve surprise and clearly prejudiced his defense.* A cursory reading of trial counsel's closing argument reveals just how prejudicial the variance was to the defense. Trial counsel's presentation of evidence and summation hinged on the

> broad time range and how it was impossible, and his questioning
> of the witnesses was focused on the time periods.

*Id.* at 49-50 (emphasis in original).

Appellant further contends that the PCRA court "brushed aside that in *Hacker*, … the defendant did not present any evidence that she would have otherwise presented[,] had she been aware of the *one-month* discrepancy" in the dates alleged by the Commonwealth, whereas here, Appellant "presented eight pages of testimony based on his Swift Transportation pay stubs." *Id.* at 50 (emphasis in original). Moreover, he challenges the PCRA court's characterization of this evidence as a "flimsy (at best) singular exhibit[,]" stressing that "[t]he Exhibit was a single exhibit because the January, February, March, and April records were combined into a single exhibit -- that easily could have been four exhibits." *Id.* (quoting PCO at 15). Appellant also insists that

> the records were not "flimsy[."] They are business records and
> pay stubs with detailed information which establish that the abuse
> could have not taken place in the four months of 2004 before
> [J.G.] and his family moved because [Appellant] was on-the-road
> and traveling for his job as a truck driver.

*Id.*

In sum, Appellant argues that he would have offered this evidence at trial, had he known that the timeframe alleged in the criminal information would be expanded. However, the court provided the jury instruction expanding the timeframes alleged in the information with no notice to Appellant, thereby denying him the opportunity to present evidence such as this in his defense, and violating his due process rights. Accordingly, he

argues that he was prejudiced by his appellate counsel's failure to preserve this issue on direct appeal, as this Court would have granted him relief on this claim.

After reviewing the cases relied upon by the PCRA court and discussed by Appellant, I agree that this Court would have granted him relief. In the criminal information, the Commonwealth alleged date ranges of September 1, 2000 through June 30, 2003, and June 1, 2006 through September 30, 2007. Appellant's trial and appellate attorneys both testified at the PCRA hearing that Appellant's defense was focused on refuting these dates, and the trial record supports counsels' testimony. When the court instructed the jury, during deliberations, that it was not bound by the dates listed in the criminal information, the court committed reversible error. Appellant had no notice that the jury would be told it could consider dates outside of the timeframes alleged in the information. Moreover, at the PCRA hearing, Appellant presented evidence that he would have admitted at trial, had he known that the Commonwealth would not be bound by the dates in the information. Namely, the pay stubs admitted by Appellant showed that during the months of January, February, March, and April of 2004, Appellant traveled for work to various states, including Michigan, Illinois, Ohio, and New York. *See* PCRA Hearing at 118-23. These records showed that Appellant was not in Warren, Pennsylvania, for lengthy periods of time during those months. Appellant could have presented these records at trial to defend against any allegations that he committed offenses during those time periods. Given that J.G. moved

- 13 -

to North Carolina in April of 2004, when he was 14 years old,[3] this evidence could have been exculpatory alibi evidence for those early months of 2004, had Appellant known that the jury would be told it could consider dates beyond June 30, 2003.

The criminal information "sets the stage for trial and what the Commonwealth intends to prove." *Commonwealth v. Martin*, 323 A.3d 807, 817 (Pa. Super. 2024). Appellant was prejudiced by the trial court's decision to allow the jury to consider dates outside of the timeframes alleged in the information and on which Appellant had premised his defense. Because Appellant was denied an opportunity to defend against this extended timeframe, his due process rights were violated. *See Devlin*, 333 A.2d at 891. Accordingly, the court's jury instruction contained a fundamental error that violated Appellant's constitutional rights and, therefore, warrants a new trial. *Commonwealth v. McRae*, 5 A.3d 425, 430–31 (Pa. Super. 2010) ("A new trial is required on account of an erroneous jury instruction only if the instruction under review contained fundamental error, misled, or confused the jury.").

Accordingly, I conclude that Appellant has demonstrated that he was prejudiced by his appellate counsel's waiver of this claim on direct appeal.

---

[3] *See* Appellant's Brief at 20 (citing, *inter alia*, Reproduced Record at 0800a (Exhibit 10 - Warren County School District Student Withdrawal Form showing a "Date of Withdrawal" for J.G. of April 8, 2004). *See also* N.T. Trial, 6/1/21, at 169 (J.G.'s testifying that his family moved to North Carolina in 2004 when he was 14 years old).

Therefore, I would reverse the PCRA court's order denying Appellant's petition, vacate his judgment of sentence, and remand for a new trial.[4]  For these reasons, I respectfully dissent.

---

[4] In light of this conclusion, I would not reach Appellant's remaining two claims.