621 A.2d 569

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Joan Livingston McDONOUGH, Appellant.**

Supreme Court of Pennsylvania.

Submitted Oct. 23, 1992.

Decided March 2, 1993.

William L. McLaughlin, Sr., for appellant.

Nicholas J. Casenta, Jr., Asst. Dist. Atty., for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## ORDER OF COURT

PER CURIAM.

The Court being equally divided, the Order of the Superior Court, 406 Pa.Super. 663, 583 A.2d 833, is affirmed.

MONTEMURO, J., did not participate in the consideration or decision of this case.

LARSEN, J., files an opinion in Support of Affirmance joined by NIX, C.J., and PAPADAKOS, J.

FLAHERTY, J., files an Opinion in Support of Reversal joined by ZAPPALA and CAPPY, JJ.

## OPINION IN SUPPORT OF AFFIRMANCE

LARSEN, Justice.

This is an appeal from the Order of the Superior Court of Pennsylvania, affirming the Judgment of Sentence of the Court of Common Pleas of Chester County imposed following appellant's *de novo* summary trial and conviction for multiple violations of the motor vehicle code. The aggregate penalty was $780 in fines plus the costs of prosecution.

The charges stem from two separate incidents. The first incident occurred on December 7, 1987, when appellant, Joan Livingston McDonough, was involved in an auto accident with an oncoming car as she was making a left turn from a highway into a business driveway. While the driver of the other car went into the business office to call the police and his family, appellant drove away, leaving the scene of the accident. The following day, appellant reported the accident to the police and gave a statement. At that time appellant was asked if she was aware that her driver's license was under suspension; she replied that she was not. As a result of this incident appellant was cited for failure to yield to oncoming traffic while turning left (75 Pa.C.S.A. § 3322), failure to stop at an accident scene to exchange information (75 Pa.C.S.A. § 3743(a)), driving while operating privilege is suspended or revoked/suspension *not* DUI related (75 Pa.C.S.A. § 1543(a)), driving an unregis-

tered vehicle (75 Pa.C.S.A. § 1301), and violations concerning licenses (75 Pa.C.S.A. § 1571(a)).

The second incident occurred on December 18, 1987, when appellant was stopped and cited for failing to signal a turn (75 Pa.C.S.A. § 3334(b)), driving while operating privilege is suspended or revoked/suspension *not* DUI related (75 Pa.C.S.A. § 1543(a)), and driving while operating privilege is suspended or revoked/suspension DUI related (75 Pa.C.S.A. § 1543(b)). On January 21, 1988, appellant pleaded guilty in front of a District Justice to all charges stemming from both incidents, except for the violation of driving while operating privilege is suspended or revoked/suspension DUI related (75 Pa.C.S.A. § 1543(b)), which had previously been withdrawn by the officer on January 6, 1988. On February 18, 1988, appellant appealed all of the charges. Appellant's notice of appeal erroneously contained the charge that had been withdrawn.

On April 22, 1988, in the Court of Common Pleas, appellant appeared as requested for disposition of the previously withdrawn citation for driving while operating privilege is suspended or revoked/suspension DUI related (Pa.C.S.A. § 1543(b)) only. The other cases, which had been properly appealed, were scheduled for a trial *de novo* on a subsequent date. At the hearing, the prosecutor immediately informed the court that the charge at issue had been previously withdrawn by the police officer. Upon review, the court found that "the citation was withdrawn by the prosecuting officer," and held that "[t]herefore, the appeal is not necessary and the defendant is not guilty of these charges." (N.T. 4/22/88, pp. 2–3).[1] In the subsequent trial *de novo*, appellant was tried for the remaining charges. With respect to the December 7, 1987 incident, appellant was convicted of failure to stop at an accident scene to exchange information (75 Pa.C.S.A. § 3743(a)), failure to yield to oncoming traffic while turning left (75 Pa.C.S.A. § 3322), and driving while operating privilege is suspended or revoked/suspension *not* DUI related (75 Pa.C.S.A. § 1543(a)).

1. The order of court read as follows: "AND NOW, to wit, this 22nd day of April, 1988, after trial *de novo* upon this summary appeal, we find the defendant NOT GUILTY."

She pleaded guilty to driving an unregistered vehicle (75 Pa.C.S.A. § 1301(a)). Appellant was found not guilty of violations concerning licenses (75 Pa.C.S.A. § 1571(a)). With respect to the December 18, 1987, incident, appellant was found guilty of driving while operating privilege is suspended or revoked/suspension *not* DUI related (75 Pa.C.S.A. § 1543(a)) and not guilty of failing to signal a turn (75 Pa.C.S.A. § 3334(b)).[2] On further appeal, the Superior Court affirmed the trial court with respect to all charges.

Appellant raises several claims of error in her appeal before this Court, however only two issues warrant our review.[3] Appellant contends that the December 7, 1987, conviction for driving while operating privilege is suspended or revoked/suspension *not* DUI related (75 Pa.C.S.A. § 1543(a)) must be reversed because the Commonwealth failed to prove actual notice of suspension. Appellant relies on *Commonwealth v. Kane*, 460 Pa. 582, 333 A.2d 925 (1975), wherein we held that proof, beyond a reasonable doubt, that defendant had actual notice of suspension of his operator's license is necessary to establish an essential element of the crime of operating a motor vehicle while operator's license is suspended. Proof that notice of suspension was mailed is not sufficient alone to establish notice beyond a reasonable doubt. *Commonwealth v. Kane*, 460 Pa. 582, 333 A.2d 925. In the present case, the Commonwealth presented a certified copy of Pennsylvania Department of Transportation ("PennDot") records indicating that two separate notices of suspension were sent to appellant at her address of record. (N.T. 1/10/89 and 1/11/89, pp. 43–45). Appellant presented unrebutted evidence that she had previously moved from the address to which the suspension notices were mailed. Appellant also testified that she never informed PennDot of her new address. (N.T. 1/10/89 and 1/11/89, pp. 219–220). Appellant's argument must

2. As previously noted, appellant was found not guilty, in a prior proceeding, of driving while operating privilege is suspended or revoked/suspension DUI related (75 Pa.C.S.A. § 1543(b)), by virtue of the fact that the charge had previously been withdrawn by the officer.

3. Appellant's remaining contentions lack merit in that they are warrantless attacks on the trial court's findings of fact.

fail because her admitted failure to notify PennDot of her new address violates 75 Pa.C.S.A. § 1515[4] and thus, precludes her reliance on the defense of insufficient notice, where notice was sent to her address of record. *Commonwealth v. Heckman,* 404 Pa.Super. 335, 590 A.2d 1261 (1991). *Commonwealth v. Kane, supra,* is inapposite because, in that case, the defendant's notice of suspension was not sent to defendant's address of record with PennDot, but instead, due to a typographical error, was sent to an address at which defendant had never resided. Unlike *Kane,* in the present case, it was appellant's own conduct which rendered actual notice impossible. We cannot allow appellant to use a violation of one law to circumvent a violation of another law. Therefore, we conclude that, although actual notice of suspension is still a necessary element of the crime of driving while operating privilege is suspended or revoked (75 Pa.C.S.A. § 1543), a defendant's failure to notify PennDot of a change of address pursuant to 75 Pa.C.S.A. § 1515, precludes his or her reliance on the defense of insufficient notice. Accordingly, we would affirm the order of the Superior Court affirming appellant's conviction for driving while operating privilege is suspended or revoked/suspension *not* DUI related (75 Pa.C.S.A. § 1543(a)) resulting from the December 7, 1987, incident.

■ Appellant next contends that her conviction for driving while operating privilege is suspended or revoked/suspension *not* DUI related (75 Pa.C.S.A. § 1543(a)), resulting from the December 17, 1987, incident must be reversed on the grounds that it violates the double jeopardy clause and 18 Pa.C.S.A. § 110. Appellant relies on *Commonwealth v. Campana,* 452 Pa. 233, 304 A.2d 432 (1973), wherein this Court held that the double jeopardy clause requires a prosecutor to bring, in a single proceeding, all known charges against a defendant arising from a single criminal episode, and 18 Pa.C.S.A. § 110 which provides that a prosecution is barred by a former

4. Pa.C.S.A. § 1515 provides:
   Whenever any person after applying for or receiving a driver's license moves from the address named in the application or in the driver's license issued ... such person shall, within 15 days thereafter, notify the department in writing of the old and new addresses....

prosecution if it arose from the same criminal episode, was known to the prosecuting officer and was within the jurisdiction of a single court.[5]

The Commonwealth does not dispute that a defendant cannot be acquitted of a § 1543(b) violation and then retried for a violation of § 1543(a) arising out of the same incident, but argues that the characterization of the proceedings on April 22, 1988, as a "prosecution" is disingenuous, and hence, there could be no acquittal. The Superior Court rejected appellant's argument. That court reasoned that because the charge had been dropped by the officer prior to the April 22, 1988, proceeding, appellant was not called upon to defend herself twice. We agree with the Superior Court.

On April 22, 1988, appellant had appeared before the Common Pleas Court on the charge of driving while operating privilege is suspended or revoked/suspension DUI related (75 Pa.C.S.A. § 1543(b)), at which time it was noted that the charge had been previously withdrawn by the police officer. The sole purpose of that proceeding was to clear the docket of appellant's erroneously having appealed a charge that had been withdrawn at the District Justice level. Thus, this was not a "prosecution," but a deliberate administrative procedure intended to dispose of the charge erroneously appealed. The

5.    § 110. **When prosecution barred by former prosecution for different offense.**

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:

(i) any offense of which the defendant could have been convicted on the first prosecution;

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense....

\* \* \* \*

18 Pa.C.S.A. § 110.

fact that the court entered an order stating that appellant was found "not guilty"[6] is inconsequential because it was not the judge's intention to resolve the merits of the case but to dispose of the charge for the record. Although the form of the judge's action appeared to result in an adjudication of the matter, the substance of his action did not result in an acquittal. Indeed, in *Commonwealth v. Smalis*, 331 Pa.Super. 307, 316, 480 A.2d 1046, 1050 (1984), *rev'd on other grounds sub nom. Commonwealth v. Zoller*, 507 Pa. 344, 490 A.2d 394 (1985), the Superior Court stated that "in determining whether action taken by the trial court has constituted an 'acquittal' for double jeopardy purposes, the form of the judge's action is not controlling." " '[W]e must determine whether the ruling of the judge, whatever its label, actually represents *a resolution, correct or not, of some or all of the factual elements of the offense charged.*' " *Commonwealth v. Smalis*, 331 Pa.Super. at 316, 480 A.2d at 1050, *rev'd on other grounds, Commonwealth v. Zoller*, 507 Pa. 344, 490 A.2d 394 (1985) (quoting *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977)) (emphasis added by Superior Court). We believe that this is the correct approach and that there can be no question that the trial court's resolution of this matter was not intended to, and did not, result in a resolution of *any* of the factual elements of the offense charged and thus, did not result in appellant's acquittal of the § 1543(b) violation. Hence, there was no violation of *Campana* or 18 Pa.C.S.A. § 110, because appellant was not being charged with driving while operating privilege is suspended or revoked/suspension DUI related (75 Pa.C.S.A. § 1543(b)). Accordingly, we would affirm the order of the Superior Court affirming appellant's conviction for driving while operating privilege is suspended or revoked/suspension *not* DUI related (75 Pa.C.S.A. § 1543(a)) resulting from the December 18, 1987, incident.

NIX, C.J., and PAPADAKOS, J., join this Opinion in Support of Affirmance.

6. See, f.n. 3, *supra.*

## OPINION IN SUPPORT OF REVERSAL

FLAHERTY, Justice.

I dissent from that portion of the opinion in support of affirmance which affirms appellant's convictions for driving under suspension, 75 Pa.C.S. § 1543(a).

Despite reaffirming the principle of *Commonwealth v. Kane,* 460 Pa. 582, 333 A.2d 925 (1975), that a defendant must have actual notice of suspension before he can be convicted of driving under suspension, the court nevertheless decides that appellant somehow forfeited her right to actual notice. The right to actual notice required by *Kane* is grounded in the constitutional right to due process of law. *Id.,* 460 Pa. at 585, 333 A.2d at 926, *citing Leary v. United States,* 395 U.S. 6, 36, 89 S.Ct. 1532, 1548, 23 L.Ed.2d 57, 81 (1967). As such, it may be waived, but waiver of an important constitutional right must be knowing and voluntary.

The court has decided that appellant forfeited her right to actual notice by violating 75 Pa.C.S. § 1515, which requires every driver to notify the department of transportation in writing of his old and new addresses within fifteen days after moving, an offense which appellant admittedly committed. There is a penalty for the summary offense of violating § 1515—a $25 fine—and appellant might justly be subjected to that penalty, though the fifteen-day notification requirement is one which is undoubtedly overlooked by innumerable prudent, law-abiding citizens until called to their attention on application forms for renewal of driver's license or registration.

Instead of a minor fine for omission of her duty to notify the department of a change of address, appellant is deemed to have knowingly waived an important constitutional right, thus forfeiting her right to actual notice of the suspension of her operating privilege, subjecting her to the possibility of imprisonment. *See* 75 Pa.C.S. § 6503. When loss of liberty is at stake, I would not construe appellant's oversight of her statutory duty of notification of address change as a knowing, voluntary waiver of her constitutional right to due process as

manifested in her right to receive actual notice that her operating privilege had been suspended.

*Kane,* relying on *Leary,* explained that due process requires all elements of a criminal offense to be proved beyond a reasonable doubt. Actual notice of suspension is an element of an offense under 75 Pa.C.S. § 1543(a), driving under suspension. Proof of mailing, standing alone, is not sufficient evidence to establish beyond a reasonable doubt that a defendant had actual notice of his suspension, at least when there is doubt that the notice was mailed to the correct address. *Kane, id.* There is no logical or rational relation between appellant's dereliction in notifying the department of her address change and the constitutional requirement that the Commonwealth prove beyond a reasonable doubt that she had actual notice of her suspension, one of the elements of the crime.

I am not prepared to cast the first stone merely because of a failure to sit down within fifteen days after moving and write a letter to the department of transportation to inform the government of the old and new addresses. I would apply the salutary holding of *Kane* and reverse appellant's convictions under 75 Pa.C.S. § 1543(a) due to the Commonwealth's failure to prove that she received actual notice of the prior suspension of her operating privilege.

ZAPPALA and CAPPY, JJ., join this opinion in support of reversal.