J-S89043-16

2017 PA Super 95

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| DANIELLE  BALDWIN | |
| Appellant | No. 2719 EDA 2015 |

Appeal from the Order August 3, 2015
in the Court of Common Pleas of Philadelphia
Municipal Court - Traffic Division
at No(s): MC-51-CR-0035622-2014

BEFORE: SHOGAN, MOULTON, and FITZGERALD,[*] JJ.

OPINION BY FITZGERALD, J.:                    **FILED APRIL 10, 2017**

Appellant, Danielle Baldwin, appeals from the order of the Philadelphia County Court of Common Pleas reversing the judgment of acquittal entered in the Philadelphia Municipal Court and remanding the case to the Municipal Court for a new trial. Appellant contends that double jeopardy prohibits a new trial. We affirm.

On the evening of October 16, 2014, Appellant allegedly pointed a gun at her neighbor, Jamia Williams. Williams contacted the police, who arrested Appellant, searched her residence and recovered a firearm. Williams was arrested and charged with possession of an instrument of crime,[1] prohibited

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 907.

offensive weapons,[2] simple assault,[3] reckless endangerment[4] and terroristic threats.[5]

Appellant filed a motion in the Municipal Court to suppress the firearm. On February 11, 2015, following an evidentiary hearing, the Municipal Court granted the motion to suppress. The court determined that Appellant consented to the search of her residence following her arrest, but her consent was involuntary because the arresting officers failed to give her *Miranda*[6] warnings. N.T., 2/11/15, at 23.

Trial commenced immediately after the suppression ruling. Before testimony began, the court stated: "Everyone understands the consent is illegal and the fruits are thrown out . . . . All witnesses are sequestered. If anyone needs to talk to their witnesses because [of] what just happened in the motion, I will suspend [the] sequestration order for a [minute] while any witness is spoken to." *Id.* at 24.

Williams, the Commonwealth's first trial witness, testified that in the early evening of October 16, 2014, she was standing outside of her house on the street, while Appellant was standing in her house across the street in

---

[2] 18 Pa.C.S. § 908.

[3] 18 Pa.C.S. § 2701.

[4] 18 Pa.C.S. § 2705.

[5] 18 Pa.C.S. § 2706.

[6] *Miranda v. Arizona*, 384 U.S. 436 (1966).

front of an open window. *Id.* at 25-27. Williams and Appellant were arguing about the recent arrest of Williams' baby's father. *Id.* at 25-26. During the argument, Appellant disappeared from her window but returned moments later and pointed a gun at Williams. *Id.* at 28.[7]

Defense counsel objected to Williams' testimony about the gun and moved for a mistrial. *Id.* at 28-29. The court sustained defense counsel's objection and granted a mistrial. *Id.* at 29-30. Defense counsel then requested a "judgment of acquittal" based on "prosecutorial misconduct." *Id.* at 30. The court responded: "The motion is granted and a mistrial is granted. Jeopardy has attached, and so at this point . . . this case is done. The motion for judgment of acquittal is granted." *Id.* at 33.

The Commonwealth appealed the judgment of acquittal to the Court of Common Pleas on March 13, 2015. On August 3, 2015, the Court of Common Pleas entered an order reversing the judgment of acquittal and remanding the case to the Municipal Court for trial. The Court of Common Pleas determined that Appellant's double jeopardy rights were not violated, because the Municipal Court's ruling "did not constitute an acquittal[,] nor was there prosecutorial misconduct." Pa.R.A.P. 1925 Op., 3/9/16, at 5.

---

[7] Significantly, this incident took place **before** the police arrived on the scene. N.T. at 8 (Officer Rios' testimony during suppression hearing that police responded to radio call of "a person with a weapon" and "met the complainant at the corner[,] who stated the female inside the house pointed a shotgun at her").

Appellant timely appealed to this Court on September 2, 2015. Both Appellant and the Court of Common Pleas complied with Pa.R.A.P. 1925.

Appellant raises four issues in this appeal:

1. Double jeopardy prohibits a new trial in this case; the [C]ommon [P]leas [C]ourt erred in allowing the [C]ommonwealth to appeal from a judgment of acquittal because the government is categorically prohibited from appealing judgments of acquittal, even if the lower trial court was egregiously wrong to enter the judgment of acquittal.

2. In the alternative event that there are any circumstances under which a government can so appeal, the judgment of acquittal here was entered by the trial judge and is unappealable.

3. In the alternative event that the appellate courts do not so hold, [the] [C]ommon [P]leas [Court] erred here (and [the M]unicipal [C]ourt ruled correctly, and retrial is prohibited no matter how the [M]unicipal [C]ourt judgment is described) because double jeopardy prohibits retrial after a mistrial caused by prosecutorial misconduct: following the suppression ruling, the [C]ommonwealth intentionally elicited testimony about the gun that the [M]unicipal [C]ourt had suppressed.

4. In the alternative event that the appellate courts do not so hold, [the C]ommon [P]leas [Court] erred here (and [the M]unicipal [C]ourt ruled correctly, and retrial is prohibited no matter how the [M]unicipal [C]ourt judgment is described) because double jeopardy prohibits retrial after a mistrial caused by prosecutorial misconduct: even if the [M]unicipal [C]ourt judge erred in her understanding of the scope of suppression rulings, once she ordered the [C]ommonwealth to inform all of its witnesses about the suppression ruling, and warned the [C]ommonwealth that jeopardy was about to attach, the [C]ommonwealth was bound by her rulings (even if erroneous) absent a pre–trial appeal. Because the [C]ommonwealth could have appealed her orders, and because her warnings about jeopardy attaching made sense only if she were warning against

- 4 -

prosecutorial misconduct, and because her inclusion of all witnesses (including civilians) could only have anticipated the non-police testimony the [C]ommonwealth thinks is not normally covered by suppression rulings, the [C]ommonwealth's choice not to warn the civilian witness—and the [C]ommonwealth's eliciting of prohibited testimony (even if erroneously prohibited) was an intentional act by the [C]ommonwealth in violation of the [M]unicipal [C]ourt order, was prosecutorial misconduct causing the mistrial, and therefore [was] prohibited[,] placing the defendant again in jeopardy.

Appellant's Brief at 2-3.

We address the first two issues together, because they are interrelated. Appellant asserts that double jeopardy prohibits the Commonwealth from appealing the judgment of acquittal entered by the Municipal Court. We disagree. Appellant's argument rests on the premise that the Municipal Court entered a judgment of acquittal. We disagree and conclude that the Municipal Court declared a mistrial instead of entering a judgment of acquittal.

"[T]he question of whether a defendant's constitutional right against double jeopardy [would be infringed by a successive prosecution] is a question of law. Hence, [when reviewing this issue,] our scope of review is plenary and our standard of review is *de novo.*" ***Commonwealth v. Hallman***, 67 A.3d 1256, 1260 (Pa. Super. 2013) (citation omitted).

Under the Double Jeopardy Clauses of the United States and Pennsylvania Constitutions, as well as under the Pennsylvania Crimes Code, a second prosecution for the same offense after acquittal is prohibited. ***See***

U.S. Const. Amend. V; Pa. Const. Art. I, § 10; 18 Pa.C.S. § 109(1). This rule is confined to cases where the prosecution's failure to meet its burden is clear, and a second trial would merely afford the prosecution another opportunity to supply evidence that it failed to submit during the first trial. *See Commonwealth v. Vogel*, 461 A.2d 604, 610 (Pa. 1983) (citing *Burks v. United States*, 437 U.S. 1, 17 (1978)). "This prohibition . . . prevents the State from honing its trial strategies and perfecting its evidence through successive attempts at conviction. Repeated prosecutorial sallies would unfairly burden the defendant and create a risk of conviction through sheer governmental perseverance." *Id.* (citing, *inter alia*, *Green v. United States*, 355 U.S. 184, 187-88 (1957)).

Double jeopardy bars an appeal by the Commonwealth from an acquittal, whether based on a verdict of not guilty or a ruling by the court that the evidence was insufficient to convict. *See Commonwealth v. Maurizio*, 437 A.2d 1195, 1196 (Pa. 1981); *see also United States v. Scott*, 437 U.S. 82, 91 (1978).

Importantly, "the form of the judge's action is not controlling." *Commonwealth v. McDonough*, 621 A.2d 569, 573 (Pa. 1993) (citations omitted). A defendant is "acquitted" only when the "ruling of the judge, whatever its label, actually represents a **resolution** [in the defendant's favor], **correct or not***, **of some or all of the factual elements of the offense charged**." *Id.* (citation omitted).

Here, the Court of Common Pleas correctly reasoned that the Municipal Court entered a mistrial instead of a "judgment of acquittal:"

> It could not be clearer that [the Municipal Court's] ruling in the instant matter did not involve a resolution of the facts. Indeed, the first witness had only just begun testifying when the judgment of acquittal was declared. Instead, [the Court's] ruling was in response to what [it] perceived as a violation of [its] suppression order. This situation had nothing to do with culpability or factual elements of the offense charged, the touchstone of acquittal determinations.

Pa.R.A.P. 1925(a) Op. at 4 (citations omitted). Therefore, we conclude that the Commonwealth had the right to appeal the Municipal Court's decision to the Court of Common Pleas.

We next address Appellant's third and fourth issues together. Appellant argues that even if the Municipal Court entered a mistrial, double jeopardy prohibits a new trial because the mistrial was the result of prosecutorial misconduct. We disagree.

Pa.R.Crim.P. 605 provides in pertinent part: "When an event prejudicial to the defendant occurs during trial only the defendant may move for a mistrial; the motion shall be made when the event is disclosed." Pa.R.Crim.P. 605(B). Our standard of review of an order granting a mistrial is as follows:

> In criminal trials, declaration of a mistrial serves to eliminate the negative effect wrought upon a defendant when prejudicial elements are injected into the case or otherwise discovered at trial. By nullifying the tainted process of the former trial and allowing a new trial to convene, declaration of a mistrial serves not only the

defendant's interest but, equally important, the public's interest in fair trials designed to end in just judgments. Accordingly, the trial court is vested with discretion to grant a mistrial whenever the alleged prejudicial event may reasonably be said to deprive the defendant of a fair and impartial trial. In making its determination, the court must discern whether misconduct or prejudicial error actually occurred, and if so, . . . assess the degree of any resulting prejudice. Our review of the resulting order is constrained to determining whether the court abused its discretion. Judicial discretion requires action in conformity with the law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason.

*Commonwealth v. Jaynes,* 135 A.3d 606, 615 (Pa. Super. 2016), *appeal denied*, 145 A.3d 724 (Pa. 2016) (citation omitted).

Further, the Double Jeopardy Clause of the Pennsylvania Constitution "prohibits retrial of a defendant not only when prosecutorial misconduct is intended to provoke the defendant into moving for a mistrial, but also when the conduct of the prosecutor is intentionally undertaken to prejudice the defendant to the point of the denial of a fair trial." *Commonwealth v. Smith*, 615 A.2d 321, 325 (Pa. 1992).

In this case, the Court of Common Pleas held that the Municipal Court improperly granted a mistrial, and therefore the Commonwealth was entitled to retry the case:

No [prosecutorial] misconduct occurred here. [The Municipal Court] suppressed the confiscation of the firearm and any fruits thereof. But an observation of the firearm by a civilian prior to police involvement in no way implicates the search and seizure provisions of our

> Constitutions. While it is true that the judge invited the attorneys to talk to the witnesses in light of her suppression order, and while it would have been prudent for the Assistant District Attorney to see her invitation as a yellow flag, the bottom line is that the judge never ordered that the observation of the firearm by a civilian could not be elicited at trial. As it is perplexing to this court why she had this further prohibition in mind when she ordered suppression, it is easy to see how the prosecutor would not have given this possibility a second thought—or even a first one. This certainly was not prosecutorial misconduct. And the Commonwealth is certainly entitled to retry the matter.

Pa.R.A.P. 1925(a) Op. at 5.

We agree with this analysis. When the suppression court determines that the defendant's consent to a search is involuntary, the remedy is to suppress evidence obtained **as a result of** the invalid consent. ***See Commonwealth v. Moyer***, 954 A.2d 659, 670 (Pa. Super. 2008) (*en banc*) ("Since Appellee's consent to search his person and car was tainted by a detention that was not supported by the existence of reasonable suspicion, the suppression court properly suppressed the fruits of that search"). The suppression order does not extend to evidence that **precedes** the involuntary consent.

Here, Williams testified that Appellant pointed a gun at her. This incident took place before the police arrived—indeed, this incident triggered Williams' report to the police—and was not the product of Appellant's consent to search her residence. Thus, Williams' testimony fell outside the scope of the Municipal Court's suppression order, which only suppressed

evidence obtained as a result of her invalid consent. Accordingly, we conclude that (1) the Commonwealth did not commit any misconduct in eliciting Williams' testimony, (2) the Municipal Court abused its discretion in granting defense counsel's motion for a mistrial on the basis of this testimony,[8] and (3) the Commonwealth is entitled to a new trial against Appellant in the Municipal Court.

Order affirmed. Case remanded for proceedings consistent with this opinion. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/10/2017

---

[8] The fact that defense counsel moved for a mistrial is significant. Had the Municipal Court *sua sponte* declared a mistrial without manifest necessity, double jeopardy would have precluded further prosecution of Appellant. **See Commonwealth v. Kelly**, 797 A.2d 925, 942 (Pa. Super. 2002) (notwithstanding trial court's frustration with prosecutor's conduct, "[m]anifest necessity for the declaration of a mistrial *sua sponte* by the trial court simply was not present;" thus, "further prosecution of [the defendants] would violate . . . double jeopardy protections").

Conversely, "the law [ordinarily] permits retrial when the defendant successfully moves for mistrial" unless "the prosecution [has] engage[d] in certain forms of intentional misconduct." **Commonwealth v. Graham**, 109 A.3d 733, 736 (Pa. Super.), *appeal denied*, 126 A.3d 1282 (Pa. 2015).

In this case, defense counsel successfully moved for a mistrial, but the Commonwealth did not engage in any misconduct. Therefore, double jeopardy does not prevent further prosecution of Appellant.