J-A17029-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CHRISTOPHER LEE ROBINSON | : | |
| | : | |
| Appellant | : | No. 814 EDA 2018 |

Appeal from the Judgment of Sentence February 9, 2018
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0002139-2013

BEFORE: PANELLA, P.J., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:                          **FILED JUNE 23, 2020**

Appellant, Christopher Lee Robinson, appeals *pro se* from the judgment of sentence entered on February 9, 2018. We affirm.

Following a traffic stop, Appellant was arrested and charged with possession of a controlled substance with the intent to deliver ("PWID"), possession of a controlled substance, and possession of drug paraphernalia.[1] On April 10, 2014, a jury found Appellant guilty of possession of a controlled substance and possession of drug paraphernalia. The jury, however, was unable to come to a decision on the PWID charge and the trial court thus declared a mistrial as to that charge. *See Commonwealth v. Robinson*, 131 A.3d 81 (Pa. Super. 2015) (unpublished memorandum) at 1-4; Trial Court Order, 4/10/14, at 1. On June 24, 2014, the trial court sentenced Appellant

_____

[1] 35 P.S. 780-113(a)(30), (a)(16), and (a)(32).

to serve an aggregate term of one to two years in prison for his convictions and, on August 4, 2015, this Court affirmed Appellant's judgment of sentence. *Commonwealth v. Robinson*, 131 A.3d 81 (Pa. Super. 2015) (unpublished memorandum) at 1-20.

The Commonwealth then re-listed the PWID charge for trial. Following an October 12, 2017 trial, the jury again deadlocked on the PWID charge and, again, a mistrial was ordered on that charge. The Commonwealth re-listed the PWID charge for a third trial and, after a November 22, 2017 jury trial, Appellant was found guilty of PWID. On January 24, 2018, the trial court sentenced Appellant to serve a term of 33 to 84 months in prison for his PWID conviction, with credit for 314 days of time served "to reflect [the] time [Appellant] served both for the lesser included offense of possession of a controlled substance, as well as for periods when he was incarcerated pending trial." Trial Court Order, 1/24/18, at 1-2; Appellant's Motion for Reconsideration of Sentence, 2/5/18, at 1. On February 9, 2018, the trial court granted Appellant's motion for reconsideration of sentence and declared that Appellant was entitled to 28 additional days of credit for time served. Trial Court Order, 2/9/18, at 1.

On March 1, 2018, notwithstanding the fact that privately retained counsel represented Appellant at the time, Appellant filed a timely, *pro se* notice of appeal. *See Commonwealth v. Hopkins*, ___ A.3d ___, 2020 WL 597238 (Pa. Super. 2020) ("when a counseled defendant files a *pro se* notice of appeal, the appeal is not a legal nullity and has legal effect"). Appellant's

counsel then filed an advocate's brief in this Court. However, after counsel filed his brief, the trial court entered an order permitting counsel to withdraw. *See* Docket Entry at 5/6/19; *but see Commonwealth v. Grazier*, 713 A.2d 81, 82 (Pa. 1998) ("[the Pennsylvania Supreme Court has] held . . . that when an appellant requests *pro se* status after his counsel has filed an appellate brief, the request is untimely"). Because of this development, we remanded the case to the trial court to determine whether Appellant desired to waive his right to counsel. *See* Judgment Order, 7/19/19, at 1-3. Following a *Grazier*[2] hearing, the trial court found that Appellant knowingly and voluntarily decided to proceed *pro se* for the remainder of the proceedings. *See* Trial Court Order, 1/9/20, at 1.

Appellant raises the following claims in his briefs:

[1.] Did the trial court err and abuse its discretion by allowing trial to proceed where the charges brought against [Appellant] were barred by double jeopardy based on [Appellant's] previous trials under the same information?

[2.] Did the trial court err and abuse its discretion by permitting the admission of evidence, over objection, of text messages where such had been not allowed in prior trials under the same information in that the denial of such evidence was the law of the case?

[3.] Did prior appellate counsel render deficient and ineffective [representation] . . . allowing trial to continue where [] said charges against Appellant were clearly barred by double jeopardy . . . ?

---

[2] *Grazier*, 713 A.2d at 82.

[4.] Did Appellant suffer a prejudic[ial] error and miscarriage of justice by privately retained appellate counsel . . . where counsel failed to raise record based issues for appeal and simply withdrew[,] abandoning [Appellant] during a pending appeal in th[e Superior Court], leaving Appellant to his own demise?

Appellant's Brief at 5 (some capitalization omitted); Appellant's Supplemental Brief at 4 (corrections, quotations, and some capitalization omitted).

First, Appellant claims that the trial court erred when it allowed the Commonwealth to retry Appellant on the PWID charge, after the jury had already found Appellant guilty of the lesser-included offense of simple possession. Specifically, Appellant claims that, "[p]ursuant to the clear language of [18 Pa.C.S.A § 109(1)], additional prosecution for the [PWID charge] was barred from further prosecution." Appellant's Brief at 10-11.

"The question of whether a defendant's constitutional right against double jeopardy would be infringed by a successive prosecution is a question of law. Hence, when reviewing this issue, our scope of review is plenary and our standard of review is *de novo*." **Commonwealth v. Baldwin**, 158 A.3d 1287, 1292 (Pa. Super. 2017) (quotations, citations, and corrections omitted).

18 Pa.C.S.A. § 109(1) provides:

When a prosecution is for a violation of the same provision of the statutes and is based upon the same facts as a former prosecution, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal. There is an acquittal if the prosecution resulted in a finding of not guilty by the trier of fact or in a determination that there was insufficient evidence to warrant a conviction. A finding of guilty of a lesser included offense is an acquittal

- 4 -

> of the greater inclusive offense, although the conviction is subsequently set aside.

18 Pa.C.S.A. § 109(1).

Appellant claims that, since he was found guilty of the lesser-included offense of simple possession, Section 109(1) demands that the jury's original deadlock on the PWID charge be construed as an acquittal. Appellant's Brief at 10-11. This claim fails, as Appellant was not acquitted of PWID in the original trial. Instead, the jury deadlocked on the charge and the trial court thus ordered a mistrial as to the PWID charge. Indeed, in **Commonwealth v. Vincent**, 497 A.2d 1360 (Pa. Super. 1985), this Court rejected the very same argument Appellant currently raises. In **Vincent**, we explained:

> defendant has no valid statutory double jeopardy claim under sections 109 and 110 of the Crimes Code, 18 Pa.C.S. § 109, 110. Even if we assume the defendant is correct in claiming that the traffic offenses here are lesser included offenses, the only arguably applicable provision in sections 109 and 110 would be the third sentence of subsection (1) of section 109, which states: "A finding of guilty of a lesser included offense is an acquittal of the greater inclusive offense, although the conviction is subsequently set aside." 18 Pa.C.S. § 109(1). Like all subdivisions of section 109, however, this sentence must be read in the context of the introductory paragraph, which makes it clear that all of section 109 applies only to successive prosecutions, not to the distinct problem of retrial following a deadlocked jury. Any other reading of the statute would lead to the absurd result that a defendant would have to be acquitted of the greater offense even if the jury found him guilty of that offense, so long as the jury also found him guilty of the lesser offense.

*Id.* at 1362 (footnotes and some citations omitted).

Given our holding in **Vincent**, Appellant's first claim on appeal immediately fails.

- 5 -

Next, Appellant claims that the trial court erred when it permitted the Commonwealth to introduce certain text messages at trial. This claim is waived, as Appellant did not include the trial transcript in the certified record and, as the trial court concluded, Appellant "never paid for the trial transcript in this matter, and none was transcribed or produced." Trial Court Opinion, at 4. Since Appellant has not been granted *in forma pauperis* status in this case, Appellant has waived his claim of trial court error, as we do not have any ability to read the transcript or analyze his claim of error. **See** Superior Court Docket Sheet at 1.

Appellant's final two claims on appeal contend that his trial and appellate counsel were ineffective. These claims are waived, as they were not included in Appellant's court-ordered Pennsylvania Rule of Appellate Procedure 1925(b) statement of errors complained of on appeal. **See** Appellant's Rule 1925(b) Statement, 3/27/18, at 1-2. Further, even if the claims are not waived, they cannot be resolved on this direct appeal.

In **Commonwealth v. Grant**, our Supreme Court held that, "as a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review." **Commonwealth v. Grant**, 813 A.2d 726, 738 (Pa. 2002). In **Commonwealth v. Holmes**, our Supreme Court held that "**Grant's** general rule of deferral to PCRA review remains the pertinent law on the appropriate timing for review of claims of ineffective assistance of counsel." **Commonwealth v. Holmes**, 79 A.3d 562, 563 (Pa.

2013). However, the *Holmes* Court recognized two exceptions to *Grant's* general rule of deferral:

> First, . . . there may be extraordinary circumstances where a discrete claim (or claims) of trial counsel ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice; and we hold that trial courts retain their discretion to entertain such claims.
>
> Second, . . . where the defendant seeks to litigate multiple or prolix claims of counsel ineffectiveness, including non-record-based claims, on post-verdict motions and direct appeal, we repose discretion in the trial courts to entertain such claims, but only if (1) there is good cause shown, and (2) the unitary review so indulged is preceded by the defendant's knowing and express waiver of his entitlement to seek PCRA review from his conviction and sentence, including an express recognition that the waiver subjects further collateral review to the time and serial petition restrictions of the PCRA.

*Id.* at 563-564 (citations and footnotes omitted).

Further, in *Commonwealth v. Delgros*, the Supreme Court recognized a third exception to *Grant's* general deferral rule. *Commonwealth v. Delgros*, 183 A.3d 352 (Pa. 2018). The *Delgros* Court held that trial courts must "address claims challenging trial counsel's performance where the defendant is statutorily precluded from obtaining subsequent PCRA review." *Id.* at 361.

Here, Appellant's claims of ineffectiveness are not apparent from the record, Appellant has not waived his entitlement to seek PCRA review, and Appellant is not "statutorily precluded from obtaining subsequent review." As

such, pursuant to **_Grant_**, Appellant's ineffective assistance claims must await post-conviction review.

Judgment of sentence affirmed. All outstanding motions denied. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>6/23/2020</u>