J-S04040-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
BRADLEY L. MERWINE :
:
Appellant : No. 1085 MDA 2020

Appeal from the Judgment of Sentence Entered July 27, 2020
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0002114-2019

BEFORE: OLSON, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED MARCH 12, 2021**

Bradley L. Merwine ("Merwine") appeals from the judgment of sentence entered following his convictions of driving while operating privilege is suspended or revoked, registration and certificate of title required, and unauthorized transfer or use of registration.[1]

On the morning of May 4, 2019, Michael Ernst ("Ernst") arrived at a property he owned in Barry Township, Schuylkill County. Though he lived in Reading, Berks County, Ernst and his fiancée spent their weekends improving the Schuylkill County property. The property was protected with motion-activated surveillance cameras, the footage of which Ernst would review upon arriving at the Schuylkill County property.

---

[1] 75 Pa.C.S.A. §§ 1543(a), 1301(a), 1372(1), (3).

Upon reviewing the footage, Ernst observed that the cameras had taken several still photos the morning before they arrived. The photos included a black Jeep, entering Ernst's driveway from the roadway in front of Ernst's property. The photos also depicted an individual, later identified as Merwine, standing near the Jeep in Ernst's driveway, with the driver's door of the Jeep open. No other individual appeared in the photos taken by Ernst's camera. Ernst proceeded to take an inventory and discovered that items had been stolen from the property, including car parts, tractor batteries, and power tools. Ernst called police. Upon arriving at the property, Pennsylvania State Trooper Matthew Hoke ("Trooper Hoke") reviewed the photos taken by Ernst's surveillance camera, and was able to identify the license plate number on the Jeep. Trooper Hoke ran the license plate number, which revealed that the license plate was registered to a Ford pickup truck, not a Jeep.

Later that day, Trooper Hoke received a dispatch that the Jeep was located in Barry Township. Upon arriving at that location, Trooper Hoke observed that the Jeep still bore the same license plate as the one shown on Ernst's property. Trooper Hoke ran the Vehicle Identification Number ("VIN") for the Jeep, which identified Merwine as the Jeep's owner. Trooper Hoke further reviewed Merwine's driver's license photograph. Upon reviewing the photograph, Trooper Hoke recognized Merwine as the same person depicted in Ernst's security camera photographs. Trooper Hoke further discovered that

Merwine's driver's license was suspended as a result of several previous convictions for driving with a suspended license.

Merwine subsequently was charged with the above-referenced offenses, plus one additional count each of theft by unlawful taking and receiving stolen property. On July 27, 2020, Merwine proceeded to a jury trial on the two theft offenses, and a bench trial on the summary vehicle offenses. The jury found Merwine not guilty of the two theft offenses. However, the trial court found Merwine guilty of the summary vehicle offenses. The trial court sentenced Merwine to serve 30 to 90 days in prison for his conviction of driving while operating privilege is suspended, plus fines for the remaining convictions.

Merwine did not file a post-sentence Motion. Merwine filed a *pro se* timely Notice of Appeal, and a counseled court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.[2]

Merwine raises the following issue for our review:

_____

[2] Merwine's *pro se* Notice of Appeal did not specify which order from which he sought to appeal, or whether his court-appointed counsel had been granted leave to withdraw from representation. On October 7, 2020, this Court issued an Order remanding for the trial court to conduct a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), to determine whether Merwine sought to waive his right to counsel. During the **Grazier** hearing, Merwine indicated that wished to be represented by counsel, and trial counsel continued to represent Merwine on appeal. This Court subsequently issued a November 12, 2020, Rule to Show Cause as to whether Merwine's appeal should be quashed pursuant to Pa.R.A.P. 301(a)(1). On the same day, Merwine filed a counseled Response, indicating that his timely Notice of Appeal was taken from the July 27, 2020, judgment of sentence. On November 25, 2020, this Court discharged the show-cause Order and referred the issue to the merits panel. Accordingly, we decline to quash Merwine's appeal.

Did the trial court err in determining th[at Merwine] was guilty of four summary offenses on July 27, 2020[,] when there was insufficient evidence that would have identified [Merwine] as the person driving the vehicle based merely upon video still shots/photographs[,] and the jury found him not guilty of the felony theft offenses where the vehicle purportedly went to and from the subject real property?

Brief for Appellant at 3 (some capitalization omitted).

Merwine argues that the evidence was insufficient to support his convictions, because the Commonwealth did not establish Merwine's identity as the person driving the Jeep. *Id.* at 8-12. Merwine points to Trooper Hoke's testimony that he did not personally observe Merwine driving the Jeep at any point, but rather, that he identified Merwine from the surveillance photos and Merwine's driver's license photo. *Id.* at 9-10. Merwine also asserts that the jury's not guilty verdicts for the theft offenses is inconsistent with the trial court's guilty verdicts on the summary driving offenses, as the jury's verdict indicates a finding that he was not on Ernst's property. *Id.* at 10. Merwine further claims that his convictions under section 1372 were not supported by sufficient evidence, as the Commonwealth failed to demonstrate that "someone else's actual vehicle registration was used on [Merwine]'s vehicle." *Id.* at 11-12. Finally, regarding his conviction under section 1301, Merwine asserts that the Commonwealth failed to prove that Merwine knew that the Jeep was improperly registered, citing to this Court's decision in

***Commonwealth v. Karl***, 490 A.2d 887 (Pa. Super. 1985).[3] Brief for

Appellant at 8, 11-12.

> The standard we apply in reviewing the sufficiency of the evidence is whether[,] viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Smith***, 97 A.3d 782, 790 (Pa. Super. 2014) (citation

omitted).

In order to establish a violation of driving while operating privilege is

suspended or revoked, section 1543(a) of the Motor Vehicle Code provides

---

[3] In ***Karl***, this Court concluded that the defendant did not "knowingly" operate a vehicle without proper registration, as the defendant's girlfriend, the vehicle's owner, testified at trial that she did not inform the defendant that the vehicle's registration had lapsed because they did not intend to drive the vehicle on the day in question. ***Karl***, 490 A.2d at 891. Accordingly, this Court determined that there was insufficient evidence to support the defendant's conviction under section 1301, as there was "no evidence of scienter as to the non-registration of the vehicle he was seen driving." ***Id.*** (emphasis omitted).

that, "any person who drives a motor vehicle on any highway or trafficway of this Commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege and before the operating privilege has been restored is guilty of a summary offense[.]" 75 Pa.C.S.A. § 1543(a). Additionally, the Commonwealth must demonstrate that the defendant had actual notice that his license was suspended or revoked. *Commonwealth v. Baer*, 682 A.2d 802, 805 (Pa. Super. 1996); *see also Commonwealth v. Kane*, 333 A.2d 925, 927 (Pa. 1975) (stating that it is necessary for the Commonwealth to prove that the accused had actual notice of suspension in order to sustain a conviction of driving while under suspension); *Commonwealth v. McDonough*, 621 A.2d 569, 572 (Pa. 1993) (explaining that the *Kane* Court's holding applies to the current statute, 75 Pa.C.S.A. § 1543).

Section 1301 of the Motor Vehicle Code states that "no person shall drive or move and no owner or motor carrier shall knowingly permit to be driven or moved upon any highway any vehicle which is not registered in this Commonwealth…." 75 Pa.C.S.A. § 1301(a).

Pursuant to section 1372 of the Motor Vehicle Code, a person is guilty of the offense of unauthorized transfer or use of registration if he:

> (1) allow[s] a registration card or plate or permit to be used by any person not authorized to use it or on any vehicle other than the vehicle for which it was issued; [or]

* * *

> (3) display[s] a registration card or plate in, on or in connection with any vehicle other than the vehicle for which it was issued.

75 Pa.C.S.A. § 1372(1), (3).

Here, the Commonwealth presented evidence, in the form of Merwine's certified driver's history, that Merwine's license was suspended at the time of the incident. *See* Commonwealth's Exhibit 14 (Certified Driving Record); N.T., 7/27/20, at 115-18 (wherein Trooper Hoke testified that his investigation revealed that Merwine's license was suspended, and Exhibit 14 was admitted into evidence at trial). The Commonwealth also presented several photographs, taken by Ernst's surveillance camera and reviewed by Trooper Hoke during his investigation, depicting Merwine's black Jeep pulling off of a public road and into Ernst's driveway. *See* Commonwealth's Exhibits 7-13 (surveillance photographs); N.T., 7/27/20, at 53-55 (wherein Ernst describes the contents of the photographs taken by his camera); *id.* at 79 (wherein Exhibits 7-13 were admitted into evidence at trial). The Commonwealth presented another series of photographs depicting the Jeep parked in Ernst's driveway, with an individual standing next to the open driver's door of the Jeep, with no other individual in the vicinity. *See* Commonwealth's Exhibits 2-4; N.T., 7/27/20, at 47 (wherein Ernst describes the contents of the photographs); *id.* at 79 (wherein Exhibits 2-4 were admitted into evidence at trial). The Commonwealth also presented a photograph that showed a clear view of Merwine as the driver of the Jeep. *See* Commonwealth's Exhibit 6; N.T., 7/27/20, at 48-49 (wherein Ernst describes the contents of the

photograph); *id.* at 79 (wherein Exhibit 6 was admitted into evidence at trial). In light of this evidence, the trial court, sitting as the fact-finder, found that the individual in the photographs was, indeed, Merwine, and that he had been the individual driving the Jeep. *See* Trial Court Opinion, 12/3/20, at 3 (wherein the trial court stated that "[t]he [trial c]ourt also observed that [Merwine] was the man seen in the surveillance photos."). Accordingly, the Commonwealth presented sufficient evidence to prove that Merwine was the individual driving the Jeep, and that he was driving with a suspended license. *See Smith*, *supra*; *see also* 75 Pa.C.S.A. § 1543(a).

Further, regarding Merwine's argument that the Commonwealth failed to present sufficient evidence that Merwine knew that the vehicle was not registered, Trooper Hoke testified that when he ran a search of the Jeep's VIN, the search reflected that Merwine was listed as the owner of the Jeep. N.T., 7/27/20, at 85-86. Trooper Hoke also testified that the Jeep was not registered. *Id.* at 123. Merwine, as the legal owner of the Jeep, was certainly aware of his legal requirement to register his vehicle. *Cf. Karl*, *supra*. Accordingly, we conclude that, in the light most favorable to the Commonwealth as the verdict winner, sufficient evidence existed to demonstrate that Merwine knowingly drove his Jeep on a highway while it was not registered. *Smith*, *supra*; *see also* 75 Pa.C.S.A. § 1301(a).

Moreover, the Commonwealth presented evidence concerning Merwine's knowledge of the vehicle's improper registration. As to section 1372(1), the

Commonwealth presented evidence that the Jeep, which was owned by Merwine, was affixed with a license plate registered to a different vehicle; Trooper Hoke observed the Jeep parked outside of Merwine's residence; and Ernst's surveillance photos showed the Jeep, displaying the incorrect license plate, at Ernst's property. **See** N.T., 7/27/20, at 84-85, 120. As to subsection (3), the photographs taken by Ernst's cameras, and Trooper Hoke's observations of the Jeep at Merwine's residence, established that Merwine's vehicle displayed a license plate on a vehicle other than the vehicle for which it was issued. **Id.** As a result of the foregoing, the Commonwealth presented sufficient evidence to prove that Merwine allowed a license plate to be used on a vehicle other than the one for which it was issued, and that he displayed such a plate on a vehicle other than the one for which it was issued. **See Smith**, **supra**; **see also** 75 Pa.C.S.A. § 1372(1), (3).

Thus, the evidence, viewed in the light most favorable to the Commonwealth as the verdict winner, was sufficient to support Merwine's convictions. Further, we note that despite any apparent inconsistencies, we permit inconsistent verdicts "in a variety of contexts." **Commonwealth v. Moore**, 103 A.3d 1240, 1246 (Pa. 2014); **see also id.** at 1249 (stating that "juries may issue inconsistent verdicts and [] reviewing courts may not draw factual inferences in relation to the evidence from a jury's decision to acquit a defendant of a certain offense."). Accordingly, we can grant Merwine no relief on his claim. **See Smith**, **supra**.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/12/2021